·(109 App. Div. 718)

### FINK v. WALLACH. ·

(Supreme Court, Appellate Division, First Department. December 15, 1905.)

1. PROCESS—SERVICE BY PUBLICATION—PRACTICE—ENTRY OF ORDER.
   Inasmuch as Code Civ. Proc. § 442, provides that, where service is made by publication, the order and the papers upon which it is made must be filed with the clerk, but does not provide for entry, no entry of the order of publication is necessary.
   
   [Ed. Note.—For cases in point, see vol. 35, Cent. Dig. Motions, § 67.]

2. SAME—FILING BY CLERK—DELIVERY TO CLERK—SUFFICIENCY.
   Code Civ. Proc. § 442, provides that, where service is made by publication, the order and the papers on which it is made must be filed with the clerk. Laws 1847, p. 338, c. 280, makes the clerks of the several counties, including the city and county of New York, clerks of the circuit courts within their county. Laws 1895, p. 967, c. 553, § 4, provides for the appointment by justices of the Appellate Division of the Supreme Court in the First Department of a special deputy to the clerk of the city and county of New York for attendance on each part or term of the Supreme Court in the First Judicial District, and a rule of the Supreme Court prescribed that all orders, and papers upon which they were made, should be taken charge of by the clerk in attendance at the term, who should see that they were filed and entered. Held, that where an order for service by publication, and the accompanying papers were delivered to the clerk of that term and part of the Supreme Court in the First Department, and he retained them in his possession, instead of filing them, the failure did not amount to a jurisdictional defect.
   
   [Ed. Note.—For cases in point, see vol. 35, Cent. Dig. Motions, § 67.]

3. SAME—CORRECTION—NUNC PRO TUNC ORDER.
   A subsequent order, on the making up of the judgment roll, directing the filing of the papers nunc pro tunc, was the proper method of correcting the record.
   
   [Ed. Note.—For cases in point, see vol.·35, Cent. Dig. Motions, § 67; vol 40, Cent. Dig. Process, §§ 125, 249.]

Appeal from Trial Term, New York County.

Action by Bernhard Fink against Karl M. Wallach. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, and HOUGHTON, JJ.

David Gerber, for appellant.
Nathan Ottinger, for respondent.

HOUGHTON, J.   The plaintiff entered into a contract to purchase certain real estate, and made a payment thereon.   Defendant tendered a deed, which plaintiff refused to accept on the ground that the title was defective, and he brings this action to cancel his contract and recover his deposit.   Defendant's title rests upon a judgment of foreclosure obtained against a nonresident mortgagor and owner of the equity.   The foreclosure action was begun, and notice of pendency filed, and thereafter, on February 5, 1896, on proper papers an order of publication was signed by the justice sitting at Special Term, Part 2, of the Supreme Court, assigned for the granting of ex parte orders, including orders for service of a summons by publication.   The order so signed, and the papers upon which it was granted, were handed to and taken by the clerk of that term and part; no fee for filing or entering being demanded or payable therefor.   It was. the practice at that time to treat orders of publication as court orders, so far as requiring them to be taken in charge by the clerk of the part, instead of returning them to the attorneys to file in the clerk's office.   The summons and notice were published in compliance with such order, and, when the judgment roll came to be made up, it was discovered that the clerk of Part 2 had never actually taken the order, and the papers accompanying it, to the proper place in the clerk's office, but had retained them in his possession.   Thereupon an order was obtained directing that they be filed nunc pro tunc as of February 5, 1896, without prejudice to any proceedings theretofore had.   Upon a roll thus made up judgment of foreclosure was entered, and a sale had, at which this defendant was the purchaser.   If delivery of the order of publication, and the papers upon which it was granted, to the clerk of Part 2, intending thereby to file them, was a legal filing in the county clerk's office, the court obtained jurisdiction of the nonresident owner through service by publication, and the judgment of foreclosure was authorized, and the defendant's title is valid.   If it was not such a filing, the defect being jurisdictional, a subsequent order directing they be filed nunc pro tunc did not cure it, and the defendant's title is defective, and the plaintiff was justified in refusing it, and his contract was properly canceled.

We think the filing was a legal one, and that the judgment of foreclosure was valid.   It was not necessary that the order of publication be entered, for section 442 of the Code of Civil Procedure only requires that the order, and the papers upon which it is made, shall be filed with the clerk on or before the day of the first publication.   This direction to file refers, of course, to the county clerk's office of the county in which the venue of the action is laid, but such clerk is the clerk of the court, for it is provided by section 65, c. 280, p. 338, of the Laws of 1847, that:

"The clerks of the several counties, including the city and county of New York, by virtue of their offices, shall be clerks of the circuit courts and courts of oyer and terminer  *  *  *  within their respective counties."

That the names of the courts have been changed does not affect this provision of the law, and the clerk of the county of New York is, by virtue of his office, the clerk of the several parts of the Supreme Court held therein.   Formerly he appointed his own deputies; but in

1895 the Legislature prescribed that the justices of the Appellate Division of the Supreme Court in the First Department should "appoint, and at pleasure remove, for each part or term of the Supreme Court in the First Judicial District, a special deputy to the clerk of the city and county of New York, and all necessary assistants to each of such special deputies, whose duty it shall be to attend each session of the part or term of the Supreme Court to which he is assigned, and keep the minutes thereof and to perform such other duties therein as shall be prescribed by the rules made by said justices of the Appellate Division in such department; such special deputy clerks and assistants to be subject to the supervision of the said county clerk. The minutes of the part or term of the court to which he is assigned, kept by him, shall be a part of the records of the Supreme Court, and shall be kept by the said county clerk in his office, the said county clerk to give extracts from such minutes as now prescribed by law." Laws 1895, p. 967, c. 553, § 4.

The clerk of each of the parts of the court has his special duties to perform, but he is in fact a deputy of the county clerk himself. In the multitude of business coming before the various Special Terms of the First District, great confusion would arise if attorneys should be allowed to take orders and the papers upon which they are granted away with them to file and enter as they saw fit. The rule, therefore, that all orders and the papers upon which they are made shall be left with the clerk in attendance at the term, is a necessary and salutary one. This rule makes it a part of the duties of such clerk to receive such papers, and to see that they are filed and entered, and in such receipt by him of them he is the direct representative of the county clerk, who is not only clerk of the county, but of the court as well. The delivery to him, therefore, of signed orders and papers required by law to be filed in the county clerk's office, or office of the clerk of the court, is a delivery to the clerk himself, and a party delivering orders and papers for such purpose is not harmed by his failure to actually file them.

The failure of a public official to perform his duty in filing a paper does not impair the rights of an individual who has properly delivered the paper to him, or his authorized representative, for such purpose. Bishop v. Cook, 13 Barb. 326; Dodge v. Potter, 18 Barb. 193; Gates v. State, 128 N. Y. 228, 28 N. E. 373. This rule is further illustrated by the fact that the rights of a mortgagee are not affected by the failure of the clerk to index his duly recorded mortgage. Mutual Life Ins. Co. of N. Y. v. Dake, 87 N. Y. 257. The trial court felt constrained to follow the holding in Rothstein v. Rothstein, 40 Misc. 101, 81 N. Y. Supp. 342. In so far, however, as the rule laid down in that case conflicts with the views herein expressed, it must be deemed overruled.

The subsequent order directing the filing of the papers nunc pro tunc was proper for the purpose of correcting the record. The alleged void foreclosure being the only defect of which plaintiff complained, his complaint should have been dismissed.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.