(50 Misc. Rep. 277.)

TOWNSEND v. TOWNSEND.

(Supreme Court, Special Term, New York County. April, 1906.)

DIVORCE—INTERLOCUTORY DECREE—FILING.

Under Code Civ. Proc. § 1774, requiring that no final judgment of divorce shall be entered until after three months from the filing of the decisions of the court, an interlocutory decree of divorce left with the clerk but not filed may not be filed nunc pro tunc; but, sufficient cause being shown, it may be filed forthwith.

[Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Divorce, §§ 527, 552, 553; vol. 30, Cent. Dig. Judgment, §§ 525-529.]

Action by Maude Townsend against George Townsend. Application by plaintiff for an order directing the filing of an interlocutory decree of divorce nunc pro tunc. Denied.

Miles M. O'Brien, Jr., for plaintiff.

BLANCHARD, J. This is an application by the plaintiff for an order directing the filing nunc pro tunc of an interlocutory decree of divorce made December 30, 1905. After the interlocutory decree was made it was left with the deputy clerk of that part of the court in which the action was tried. The moving party contends that such delivery to the deputy clerk was a sufficient filing. For the purpose of correcting the record, however, he prays for an order directing the filing of the interlocutory decree nunc pro tunc. Section 1774 of the Code of Civil Procedure requires that no final judgment of divorce be entered "until after the expiration of three months after the filing of the decision of the court," and continues:

"Upon filing the decision of the court * * * a judgment annulling a marriage or divorcing the parties and dissolving the marriage shall be interlocutory only, and shall provide for the entry of final judgment granting such relief three months after the entry of interlocutory judgment, unless otherwise ordered by the court."

The date of "the entry of interlocutory judgment" is therefore the date from which the three months' period must be computed. Gibson v. Gibson, 40 Misc. Rep. 103, 81 N. Y. Supp. 343. The purpose of the three months' period required by the section above quoted is to give the opposing party ample opportunity of access to the decision and to the interlocutory decree before the decree is made final. Obviously the mere deposit of the interlocutory decree with the deputy clerk of that part of the court in which the decree is made does not afford such opportunity of access. No order directing the filing of the interlocutory decree nunc pro tunc can remedy the failure of oppor-

tunity of access, and, in so far as such an order be intended to place upon the record the illusion of a three months' period of actual filing, such an order is contrary to the spirit of section 1774, and to the salutary rule of public policy which that section expresses. Rothstein v. Rothstein, 40 Misc. Rep. 101, 81 N. Y. Supp. 342. If an interlocutory decree may be entered nunc pro tunc, there is no logical reason why it may not be actually entered the day before the final decree is entered. The subversion of the purpose of the section above quoted, which would thus be possible, and the injury to rights of dower and of alimony and of other property interests growing out of the marital relation, afford sufficient reason for refusing to adopt the practice of entering nunc pro tunc an interlocutory decree of divorce. Fink v. Wallach, 109 App. Div. 718, 96 N. Y. Supp. 543, is relied upon by the moving party as establishing the rule that it is the duty of the deputy clerk, upon receiving interlocutory decrees of divorce, to file them in proper course rather than to follow the present custom of awaiting the direction of the attorney who procures the decree. No such duty is specifically laid by law upon the deputy clerk. Laws 1895, p. 967, c. 553, § 4. The assumption of such a function would, it is submitted, be inconsistent with certain rules of practice settled by the Code of Civil Procedure. Section 1238, as applied in this department, requires that the judgment roll upon an interlocutory decree of divorce be made up by the attorney, or under the attorney's direction. This circumstance alone would seem sufficient ground for requiring the attorney to attend to the filing of the interlocutory decree. Furthermore, section 3301 fixes a fee of 10 cents a folio for entering an interlocutory judgment exceeding five folios in length, and sections 3285 and 3286 require the county clerk to account for such fees. At the time the proposed interlocutory decree is deposited with the deputy clerk for presentation to the court for signature no entry fee can be required, because it cannot be known in advance whether the order will be made as proposed. It cannot be presumed that the law requires a deputy clerk to pay from his own pocket the fee for filing interlocutory decrees thus left in his custody. The natural and inevitable consequence, therefore, must be to require the attorney to attend to the filing of the interlocutory decree with the same diligence that he is required to deposit entry fees, when necessary, and to attend to making up the judgment roll. In the pressure of business in the office of the clerk of New York county such a requirement is not unreasonable. For the reasons above stated the present application is therefore denied. "Sufficient cause being shown for the delay," however, within the meaning of section 1774 of the Code of Civil Procedure, the plaintiff may apply for leave to file the interlocutory decree forthwith.

Application denied.