(53 Misc. Rep. 46 .

SELLEY et al. v. IRISH INDUSTRIAL EXPOSITION & AMUSEMENT CO.,
Limited.

(Supreme Court, Special Term, New York County.  February, 1907.)

1. JUDGMENT—INTERLOCUTORY JUDGMENT—ENTRY—SIGNING BY CLERK.

Where an order overruling a demurrer to a counterclaim was filed with
the clerk of the Special Term where the demurrer was argued, but the
clerk did not sign or affix his name thereto as required by Code Civ. Proc.
§ 1236, and file the same, the order so filed did not constitute an interlocu-
tory judgment.

2. SAME—FINAL JUDGMENT.

Code Civ. Proc. § 1221, provides that, where one or more issues of law
and one or more issues of fact arise in the same action and all the issues
have been tried, final judgment upon the whole issue may be taken; and
section 1222 authorizes final judgment on an issue of law where no issue
of fact remains to be tried.  *Held*, that where an order overruling a demur-
rer to a counterclaim is entered, with leave to plaintiffs to reply, but there
has been no disposition of the issues of fact, the case is not in such a posi-
tion as to justify the entry of a final judgment.

Action by Edward J. Selley and another against the Irish Industrial
Exposition & Amusement Company, Limited.  On motion to set aside
and vacate a judgment.  Granted.

Bushby & Berkeley, for the motion.
Edward D. Dowling, opposed.

GIEGERICH, J.  This is a motion to set aside and vacate a judgment
entered January 28, 1907, on the grounds (1) that the plaintiffs' time to
reply had not expired at the time the judgment was entered; (2) that
the judgment was entered without notice to the plaintiffs and without
application to the court; (3) that the entry of the judgment was irregu-
lar and void, and the affidavit of the attorney upon which the same was
entered was untrue; (4) that the judgment roll attached to the said
judgment does not contain any paper bearing the genuine signature of
Mr. Justice Greenbaum.

From the papers submitted it appears that in the answer a counter-
claim was set up for a sum of money only.  To this counterclaim a de-
murrer was interposed on the ground that it appeared on the face of
the counterclaim that it did not state facts sufficient to constitute a cause
of action.  This demurrer was heard by Mr. Justice Greenbaum, and
on or about the 5th day of November, 1906, he signed an order in which
he adjudged:

"That said demurrer be, and the same hereby is, overruled, with $20 costs,
and with leave to the plaintiffs to serve a reply to the counterclaim within 20
days of the date hereon, on the payment of said costs to the defendant's attor-
neys."

It further appears that this order and notice of the entry thereof were
served upon the plaintiffs' attorneys on or about November 6, 1906,
and that on the same day, or the day before, the order itself, without any
other paper, was filed with the clerk of Special Term, part 4, where the
demurrer was argued, and is called the interlocutory judgment; but it
is clear that the clerk of this court did not at that time sign the said

paper or affix his name thereto, as required by section 1236 of the Code of Civil Procedure, which provides that:

"Every interlocutory or final judgment shall be signed by the clerk and filed in his office, and such signing and filing shall constitute the entry of the judgment. * * * *"

The plaintiffs have failed to distinguish between the entering and filing of a paper, although there is a material difference between the two. Lent et al. v. N. Y. & M. R. R., 130 N. Y. 504, 509, 29 N. E. 988. The case of Fink v. Wallach, 109 App. Div. 718, 96 N. Y. Supp. 543, relied upon by the defendant, relates solely to filing, and does not in any way relate to the entry of a judgment or order. Without considering any other objections on this score, therefore, it must be held that the paper relied upon as an interlocutory judgment was in fact not such.

Another reason why the motion to set aside the final judgment should be granted is that the case was not in any position for the entry of a final judgment at all, wholly irrespective of any question of the regularity of the earlier proceedings. In addition to the counterclaim the answer contained denials of various allegations of the complaint, and therefore issues of fact remained undisposed of after the issues of law raised by the demurrer to the reply had been determined. Section 1221 of the Code of Civil Procedure provides that, "where one or more issues of law and one or more issues of fact arise in the same action, and all the issues have been tried, final judgment upon the whole issue" may be taken, and prescribes the several methods to that end. So, likewise, section 1222 provides for a final judgment upon an issue of law where no issue of fact remains to be tried. From these provisions it is plain that the statute does not contemplate the entry of a final judgment in a case like the present, and that to permit such practice would lead to the result of having more than one final judgment in the same action. These views require the granting of the motion, and render it unnecessary to consider the other objections made to the regularity of the judgment.

Motion granted, with $10 costs to abide the final event of the action.