(134 App. Div. 320.)

### BRYON v. BRYON et· al.

(Supreme Court, Appellate Division, Second Department.   October 12, 1909.)

1. JUDGMENT (§ 12*)—ENTRY AFTER DEATH OF PLAINTIFF.

Code Civ. Proc. § 763, providing for the automatic entry of final judgment in the names of the original parties where a party dies after the entry of an interlocutory judgment, applies exclusively to cases in which the cause of action survives; and hence the entry of final judgment in a divorce action after the death of plaintiff was unauthorized.

[Ed. Note.—For other cases, see Judgment, ·Cent. Dig. §§ 15–21, 159; Dec. Dig. § 12.*]

2. DOWER (§ 4*)—RIGHT TO DOWER.

. The real basis of the existing law of dower is the common law of England, as modified by statutes, ancient and modern.

[Ed. Note.—For other cases, see Dower, Cent. Dig. §§ 6, 7; Dec. Dig. § 4.*]

3. DOWER (§ 52*)—RIGHT TO DOWER—DIVORCED WIFE.

Nothing short of a decree which sunders the marriage, destroys the status, and divorces absolutely the parties can deprive a surviving wife of dower in lands of which her husband dies seised.

[Ed. Note.—For other cases, see Dower, Cent. Dig. § 103; Dec. Dig. § § 52.*]

4. DOWER (§ 52*)—RIGHT TO DOWER—DIVORCE—INTERLOCUTORY DECREE.

· Real Property Law (Laws 1896, p. 584, c. 547) § 170, provides that a widow shall be endowed of the third part of all the lands whereof her husband was seised of an estate of inheritance at any time during the marriage. Section 176 provides that, in case of a divorce dissolving the marriage contract for the misconduct of the wife, she shall not be endowed. Code Civ. Proc. § 1774, provides that no final judgment divorcing the parties and dissolving the marriage shall be entered until after three months from the filing of the decision of the court or report of the referee. *Held*, that an interlocutory decree in favor of a husband did not dissolve the marriage and deprive the wife of dower in real estate of which the husband died seised, prior to the entry of final judgment.

[Ed. Note.—For other cases, see Dower, Cent. Dig. §§ 102, 107; Dec. Dig. § 52.*]

Hirschberg, P. J., and Gaynor, J., dissenting.

Appeal from Special Term, Kings County.

Action by Pauline Adele Bryon against William J. Bryon and others. Judgment for plaintiff. Defendants appeal. Affirmed.

The following is the opinion of Stapleton, J., at Special Term:

This is an action for dower. The application is to the Special Term for judgment upon the pleadings under the provisions of section 547 of the Code of Civil Procedure. An inspection of the pleadings reveals no tender of an issue of fact, and the duty to render the judgment required by the law applicable to the conceded facts is presented.

The plaintiff and Robert H. Bryon were married. Mr. Bryon died intestate on the 20th day of February, 1908, seised of certain real property, which was unoccupied at the time of the commencement of the action. The defendants are his heirs at law. The heirs at law exercise acts of ownership thereupon and claim title thereto. The defendants allege as a defense that in an action then pending in the Supreme Court of the state of New York, in the county of New York, wherein said Robert H. Bryon was plaintiff, and the plaintiff herein was defendant, an interlocutory judgment of divorce, in favor of said

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Robert H. Bryon and against said plaintiff was duly made and entered on the 26th day of December, 1907, and that on the 8th day of April, 1908, a final judgment was entered in that action divorcing the parties and dissolving the marriage. It will be perceived that the interlocutory judgment in a divorce action was entered on the 26th day of December, 1907, the plaintiff husband in that action died seised of real estate on February 20, 1908, and that some one after the death of the plaintiff therein procured the entry of a final judgment on the 8th day of April, 1908. The precise question submitted for judicial consideration is: Does the interlocutory judgment prescribed in section 1774 of the Code of Civil Procedure in an action for divorce, in favor of a husband, plaintiff, deprive the defendant of dower in the real estate of which he died seised prior to the time when a final judgment could be entered according to the provisions of that section? The correct answer must be found in the proper construction of that enactment.

At the outset it is essential to consider the validity of the final judgment which was entered after the death of the husband, plaintiff in the divorce action. In McCurley v. McCurley, 60 Md. 189, 45 Am. Rep. 717, the court said: "It is well settled that the death of either party to a divorce suit before decree, it being a personal action, abates the divorce proceedings, and this effect must extend to whatever is identified with those proceedings." In Hopkins v. Hopkins, 21 Wkly. Dig. 174, the General Term of this department, Barnard, J., writing, held that a divorce action died with the plaintiff. She was sole plaintiff, and the action did not survive. It was improper, after the death, for the attorney to take further steps in the action in the name of the deceased plaintiff. The course of authority establishing this doctrine has been uniform. See Kellogg v. Stoddard, 89 App. Div. 138, 84 N. Y. Supp. 1015, in which the authorities are fully cited. Section 763 of the Code of Civil Procedure, which provides for the automatic entry of final judgment in the names of the original parties where a party dies after the entry of an interlocutory judgment, applies exclusively to cases in which the cause of action survives. Robinson v. Govers, 138 N. Y. 425, 34 N. E. 209. It is clear, therefore, that the entry of final judgment in the divorce action after the death of the plaintiff therein was unwarranted, extrajudicial, and ineffective.

The defendants are thus remitted for the support of their defense to the interlocutory decree. The pertinent provisions of the section under examination are as follows: "No final judgment annulling a marriage, or divorcing the parties and dissolving a marriage, shall be entered, in an action brought under either article first or article second of this title, until after the expiration of three months after the filing of the decision of the court or report of the referee. Such decision or report must be filed and interlocutory judgment thereon must be entered within fifteen days after the party becomes entitled to file or enter the same, and cannot be filed or entered after the expiration of said period of fifteen days unless by order of the court upon application and sufficient cause being shown for the delay. Within thirty days after the expiration of said period of three months final judgment shall be entered as of course upon said decision or report, unless for sufficient cause the court in the meantime shall have otherwise ordered. Upon filing the decision of the court or report of the referee, a judgment annulling a marriage or divorcing the parties and dissolving a marriage shall be interlocutory only and shall provide for the entry of final judgment granting such relief three months after entry of interlocutory judgment unless otherwise ordered by the court. The final judgment must be entered within thirty days after the expiration of said period of three months and cannot be entered after the expiration of such period of thirty days except by order of the court on application and sufficient cause being shown for the delay. The interlocutory judgment may, in the discretion of the court, provide for the payment of alimony until the entry of final judgment; it may include a judgment for costs, when costs are awarded, in which case said judgment for costs shall be docketed by the clerk, and thereupon shall have the same force and effect as if docketed upon the entry of final judgment therein, except that it shall not be enforceable by execution or punishment until the entry of final judgment in said action."

It is necessary to keep in mind the substantive law governing the contract and status of marriage and the right of dower in reading this rather novel and

somewhat complex enactment. "A widow shall be endowed of the third part of all the lands whereof her husband was seised of an estate of inheritance at any time during the marriage." Real Property Law (Laws 1896, p. 586, c. 547) § 170. The real basis of the existing law of dower is the common law of England, as modified by statutes, ancient and modern. Fowler's Real Property Law of the State of New York (2d Ed.) p. 560. There ·was no divorce at common law for causes occurring subsequent to the marriage, and, of course, no provision for the bar of dower because of misconduct of the wife. By St. Westm. II, 13 Edw. I, c. 34, it was enacted that "if a wife willingly leave her husband and go·away and continue with her advouterer she shall be barred forever of action to demand her dower that she ought to have of her husband's lands, if she be convicted thereupon, except that her husband willingly, and without coercion of the church, reconcile her and suffer her to dwell with him; in which case she shall be restored to her action." This statute was substantially re-enacted in this state in 1787, and remained down to the revision of the law in 1830. 1 Rev. Laws 1777–1801, p. 53 ; 1 Rev. Laws 1813, p. 58. In 1830 the act of 1787 was repealed, and a new provision was adopted in the following words: "In case of divorce dissolving the marriage contract for the misconduct of the wife she shall not be endowed." 1 Rev. St. (1st Ed.) pt. 2, c. 1, tit. 3, § 8. Reynolds v. Reynolds, 24 Wend. 193. This provision is the law to-day, declared with slight change in language and none in meaning. Real Property Law (Laws 1896, p. 585, c. 547) § 176. It is noteworthy that, when the revisers reported the title relating to "Estates in Dower" (1 Rev. St. [1st Ed.] p. 740), they recommended a section declaring that if a wife commit adultery, and the fact be established against her, either by a decree dissolving the marriage contract or by proof in any action brought by her to recover her dower, she shall be barred, etc. The Legislature rejected this proposal and enacted the provision hereinbefore stated.

In Pitts v. Pitts et al., 52 N. Y. 595, the court said: "A wife can only be barred of dower by a conviction of adultery in an action for a divorce, and by the judgment of the court in such action." In Schiffer v. Pruden, 64 N. Y. 47, 52, it was held that, though there was a finding of fact by a referee in a divorce action that the wife was guilty of adultery, yet, as she was not adjudged therefor to be divorced from her husband, she is still his wife, and entitled to dower in his lands if she survives him. The authorities in this state are uniform to the effect that nothing short of a decree which sunders the marriage, destroys the status, and divorces absolutely the parties can deprive a wife, who survives, of her dower in the lands of which her husband dies seised. Reynolds v. Reynolds, 24 Wend. 193 ; Cooper v. Whitney, 3 Hill, 95 ; Van Cleaf v. Burns, 118 N. Y. 549, 23 N. E. 881, 16 Am. St. Rep. 782. See Wait v. Wait, 4 N. Y. 95. Matter of Estate of Ensign, 103 N. Y. 284, 8 N. E. 844, 57 Am. Rep. 717. In construing a similar statute of Massachusetts, where the essential facts were the same as in the case at bar, the court said: "A decree of divorce entered nisi does not dissolve the marriage. A decree nisi having been entered the death of either party before the decree has been made absolute, and before the time when it can be made absolute, puts an end to the suit, and thereafter the divorce cannot be made absolute, either by order of the court or by operation of the statute. The petitioner is therefore the widow of the testator." Wales v. Wales, 119 Mass. 89.

It will be observed that section 1774 of the Code of Civil Procedure says: "No final judgment * * * divorcing the parties and dissolving a marriage shall be entered in an action until after the expiration of three months after the filing of the decision of the court or report of the referee." It has been held that the interlocutory judgment under that section is ineffective to dissolve the marriage relation between the parties, and a marriage contracted by the guilty husband with another woman in another state prior to the entry of final judgment of divorce is absolutely void. Pettit v. Pettit, 105 App. Div. 312, 93 N. Y. Supp. 1001. These authorities and defendant's contention cannot stand together.

The interlocutory judgment did not dissolve the marriage and divorce the parties. The plaintiff is the widow, and entitled to dower. The special defense alleged is not a defense. There are no denials in the answer, and plaintiff is entitled to judgment, which may be entered accordingly.

Argued before HIRSCHBERG, P. J., and JENKS, GAYNOR, BURR, and RICH, JJ.

Dulon & Roe, for appellants William J. Bryon and Mary Bryon.
Aaron H. Schwartz, for appellants Campbell.
Bolger & Hickey (William J. Bolger, of counsel), for respondent.

PER CURIAM. Order and interlocutory judgment affirmed, with costs, on the opinion of Mr. Justice Stapleton at Special Term.

HIRSCHBERG, P. J., and GAYNOR, J., dissent.