(75 Misc. Rep. 209.)

### HUNT v. HUNT.

(Supreme Court, Special Term, Kings County. January, 1912.)

1. DIVORCE (§ 83*)—PROCEEDINGS—ABATEMENT ON DEATH OF PARTY.

An action for absolute divorce is one of a personal nature, which abates with the death of the party bringing it.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 269–272; ' Dec. Dig. § 83.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. Divorce (§ 151*)—Judgment—Vacating—Power of Court.
    In an action for absolute divorce, a motion made after plaintiff's death to vacate the judgment for plaintiff and for a new trial because of newly discovered evidence must be denied for want of power, and not in the exercise of discretion.

    [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 509–513; Dec. Dig. § 151.*]

Action by John W. Hunt against Bessie H. Hunt for absolute divorce. Application by defendant for an order reviving the action and vacating interlocutory and final judgments. Denied.

Philip Carpenter (Ernest P. Seelman and Frank P. Ufford, of counsel), for the motion.

Reeves & Todd (Alfred G. Reeves, F. M. Etheridge, and Ambrose G. Todd, of counsel), appearing specially for foreign executors.

STAPLETON, J. This is an application for an order reviving an action for absolute divorce and vacating the interlocutory and final judgments heretofore granted in the action. The plaintiff, who was successful in the action, is dead.

This motion, made after his death, comes before the court upon the return of an order to show cause entered in the matrimonial action, which provides for service thereof upon the executors of the last will and testament of the deceased plaintiff and the devisees and the legatees denominated in the will, all of whom are nonresidents of the state of New York and none of whom was personally served with any process within the state.

The grounds asserted as sufficient to impel the court, if it has the power, to revive the action and set aside the judgment, are that at the time the plaintiff sought the decree of the court dissolving the marriage between him and the defendant he was guilty of adultery under circumstances which would have entitled the defendant, if innocent, to a judgment of divorce, and that, although she did not defend the action against her, having appeared in the action and interposed an answer, she was not guilty of the adulteries alleged against her.

The action was commenced by the service of the summons and complaint in the state of New York on December 30, 1909. The defendant answered, denying the charges contained in the complaint. The answer was served on January 29, 1910. On March 3, 1910, an order was entered appointing a referee to hear testimony and certify the same and the other proceedings upon the reference with his report to the court. The hearing took place on the 22d and 30th days of March, 1910. The report was confirmed and an interlocutory judgment was entered on April 18, 1910. Final judgment divorcing the parties and dissolving the marriage by reason of the defendant's adultery was entered on July 26, 1910. On the 22d day of October, 1910, a motion was made by the defendant to vacate the final judgment and for a new trial on the ground of newly discovered evidence; the newly discovered evidence being the adultery of the plaintiff. The motion was made returnable on November 1, 1910. The argument of the motion was adjourned several times, at the request of the plaintiff,

and was set by stipulation for November 25, 1910. On November 22, 1910, the plaintiff obtained an order to show cause why the argument of said motion should not be enjoined. This order was made returnable on November 28th, and contained an ad interim stay. The defendant served answering affidavits on the latter motion on December 1, 1910, and argument of that motion was set by stipulation for December 13, 1910. The proceedings between the parties thus stood on December 11, 1910, when the plaintiff died.

[1] In Matter of Crandall, 196 N. Y. 127, 130, 89 N. E. 578, 579 (134 Am. St. Rep. 830, 17 Ann. Cas. 874), the Court of Appeals said:

"We also suppose that it will be conceded that an action for divorce is preeminently an action of a personal nature which in the absence of statutory provisions abates with the death of the party bringing it."

In Bell v. Bell, 181 U. S. 176, 179, 21 Sup. Ct. 551, 553 (45 L. Ed. 804), the Supreme Court of the United States, speaking of a matrimonial action, said:

"The death of the husband since this case was argued of itself terminates the marriage relation, and, if nothing more had been involved in the judgment below, would have abated the writ of error, because the whole subject of litigation would be at an end, and no power can dissolve a marriage which has already been dissolved by act of God. Stanhope v. Stanhope (1886) L. R. 11 Prob. Div. 103, 111."

In McCurley v. McCurley, 60 Md. 189, 45 Am. Rep. 717, the court said:

"It is well settled that the death of either party to a divorce suit before decree, it being a personal action, abates the divorce proceedings, and this effect must extend to whatever is identified with those proceedings."

Bryon v. Bryon, 134 App. Div. 320, 119 N. Y. Supp. 41, Pettit v. Pettit, 105 App. Div. 312, 93 N. Y. Supp. 1001, Watson v. Watson, 1 Hun, 267, and Groh v. Groh, 35 Misc. Rep. 354, 71 N. Y. Supp. 985, restate the principle that an action for a divorce is abated by death and by death passes beyond the limits of revival. All these authorities illustrate the personal character of the action, and that character subjects it to the necessary and inevitable incident of abatement. In Ackerman v. Ackerman, 200 N. Y. 73, 76, 93 N. E. 192, 194, the court, speaking of a matrimonial action, said:

"This is a statutory action. The courts of this state have no common-law jurisdiction over the subject of divorce, and their authority is confined altogether to the exercise of such express and incidental powers as are conferred by the statute."

All statutory provisions concerning matrimonial actions are contained in chapter 15 and section 1229 of the Code of Civil Procedure, and those provisions will be searched in vain for any authority enjoining the abatement of an action for divorce.

[2] If it be assumed that the final judgment was fraudulent, there is no action pending in which it could be vacated.

There can be no valid order except in an action or special proceeding. The judgment is conclusive upon the parties until vacatur. It cannot be vacated without notice, and notice cannot be given unless there be a party or parties to the action upon whom it can be served.

The persons upon whom the defendant attempted to make substituted service pursuant to the order to show cause were not parties to the action. They have no legal relation to the subject-matter of the action. The court has not acquired jurisdiction of their persons, and has no authority to grant the relief sought. Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; Wetmore v. Karrick, 205 U. S. 141, 27 Sup. Ct. 434, 51 L. Ed. 745; Hunt v. Hunt, 72 N. Y. 217, 28 Am. Rep. 129.

It is needless to determine whether the plaintiff, since deceased, was guilty of such fraud upon the tribunal or upon the defendant in the action as would vitiate the judgment, as I conclude that, even if he were, the court has no power to grant relief in this the original action.

It is irrelevant to consider the authorities cited with relation to the powers of a court of equity, with the proper parties before it, to relieve from a judgment, even of this character, tainted by fraud.

Motion to vacate judgment is denied for want of power, and not in the exercise of discretion.

Motion denied.