MARY CASEY THORNE, Appellant, *v.* JOEL WOLFE THORNE, Respondent

First Department, June 27, 1924.

**Husband and wife — divorce — final judgment was affirmed by Appellate Division day before defendant died — defendant died before remittitur to county clerk or entry of judgment thereon — Appellate Division may direct entry of judgment affirming final judgment as of date of order of affirmance.**

In an action for divorce in which the final judgment is affirmed by the Appellate Division the day before the death of the defendant, which occurred before the remittitur to the county clerk or entry of judgment thereon, the Appellate Division may direct the entry of judgment affirming the final judgment as of the date of the entry of the order of affirmance by the Appellate Division.

MOTION to direct entry of judgment affirming final judgment of divorce *nunc pro tunc* as of May 29, 1924, the date of entry of the order of affirmance of the Appellate Division.

*Chase Mellen,* for the motion.

*John J. Kirby,* opposed.

PER CURIAM:

Final judgment of divorce was entered in favor of defendant on July 25, 1922.  Plaintiff appealed therefrom to this court, and

on May 29, 1924, said judgment was affirmed by order entered on that day. On May thirtieth the defendant died, before remittitur to the county clerk or entry of judgment thereon. Plaintiff contends that this court cannot direct entry of judgment *nunc pro tunc* upon said order, on the ground that the action abated on the death of the defendant. To support such contention plaintiff cites *Matter of Crandall* (196 N. Y. 127); *Bryon* v. *Bryon* (134 App. Div. 820); *Hunt* v. *Hunt* (75 Misc. Rep. 209).

The cases cited are not authorities in plaintiff's favor. They merely hold that an action for divorce abates on the death of one of the parties, and if one of the parties die after entry of interlocutory judgment, the court cannot thereafter proceed to declare final judgment; that although an interlocutory decree has been entered against a wife, she is entitled to dower if her husband die prior to entry of the final decree; that section 763 of the Code of Civil Procedure (now section 478 of the Civil Practice Act), which provides for the automatic entry of final judgment in the name of the original parties where one dies after entry of interlocutory judgment, applies exclusively to cases in which the cause of action survives. The reason is, that final judgment is not a mere matter of form, but it is intended, by leaving the granting of final judgment still under consideration and within the power of the court after entry of interlocutory judgment, to prevent fraudulent and collusive judgments.

Here the interlocutory judgment had been followed by final judgment of absolute divorce, which on appeal was affirmed and an order of affirmance duly entered. There was nothing interlocutory about such order. It did not leave the granting of judgment under consideration; it was the final judicial act of the court in the action. It directed the performance by the clerk of his statutory duty (Civ. Pr. Act, § 621), the purely ministerial act of entry of judgment of affirmance of the final judgment appealed from. The effect of such direction was not to create any new status or to declare any different relation between the parties than already existed. The perfecting of the appeal did not suspend operation of the existing final judgment. After entry of the order of affirmance thereof, the entry of judgment of affirmance is purely formal for the purpose of executing the order of the Appellate Division terminating the proceedings on appeal. It could have been done immediately upon entry of the order therefor. Such ministerial formal acts are daily being directed to be performed *nunc pro tunc* as of an earlier date when they might have been performed.

There appears to be no reason why the determination of this

court, made during the lifetime of the parties and evidenced by entry of its order of affirmance (which was a direction for the entry of judgment), should not be effectuated by the formal entry of judgment thereon *nunc pro tunc* as of the date of such determination and order.

Present — CLARKE, P. J., DOWLING, SMITH, McAVOY and MARTIN, JJ.

Motion granted.