———— GROTSCH and Others, Plaintiffs, *v.* ———— HASSEY, Defendant.

Supreme Court, Kings County, November 7, 1928.

——————— for the plaintiffs.

——————— for the defendant.

CROPSEY, J.  This action is brought for an adjudication that the defendant be barred from any claim of dower, or other estate, in certain real property.  The defendant counterclaims, seeking an adjudication that she is entitled to dower, and asking that it be admeasured, etc.  The question is whether the defendant was the wife of Michael Ilg at the time of his death.

Admittedly, the parties had been married, and prior to the death of Michael Ilg the defendant had brought an action against him to obtain an annulment of her marriage on the ground that it was procured by fraud.  In that action she had obtained an interlocutory judgment.  Within three months after the entry of that judgment, and, therefore, before that judgment became final, Michael Ilg died.  Had Michael Ilg died before the action for annulment had been started, no such action could have been commenced thereafter.  (*Rawson* v. *Rawson*, 156 Mass. 578; *Henderson* v. *Henderson*, 265 Mo. 718; *Richardson* v. *King*, 157 Iowa, 287, 299.)  And had Michael Ilg died after the action was commenced, but before any decree had been entered, the action would have abated.  (*McCurley* v. *McCurley*, 60 Md. 185; *Seibert* v. *Seibert*, [N. J. Err. & App.] 86 Atl. 535; *Lynch* v. *Lynch*, [R. I.] 83 id. 403.)

It is the general rule in actions for divorce that the death of a party after the entry of interlocutory judgment and before it has become final abates the action.  The interlocutory judgment does not dissolve the marriage relation, and a divorce action, being of a personal nature, abates with the death of either party to it. (*Matter of Crandall*, 196 N. Y. 127; *Stanhope* v. *Stanhope*, L. R. 11 Prob. Div. 103; *Dunham* v. *Dunham*, 82 N. J. Eq. 395; *Donovan* v. *Donovan*, 1 Boyce [24 Del.], 321; *Chase* v. *Webster*, 168 Mass. 228;

*Wood* v. *Wood*, 1 Boyce [24 Del.], 134; 2 Schouler Mar., Div., Sep. & Dom. Rel. [6th ed.] §§ 1086, 1296, 1677.) So where a party to an action, either for divorce or annulment of marriage, has died after the entry of final judgment, that judgment may not be set aside. (*Hunt* v. *Hunt*, 75 Misc. 209; 154 App. Div. 833; *Weisgerber* v. *Prescher*, 37 Ida. 653.)

Section 478 of the Civil Practice Act, which provides that, if either party dies after an interlocutory judgment, but before a final judgment has been entered, " the court must enter final judgment in the names of the original parties," unless the interlocutory judgment is set aside, does not change the above rule. That section has been construed to apply only to actions that did not abate. (*Matter of Crandall, supra; Bryon* v. *Bryon*, 134 App. Div. 320.) In California, section 132 of the Civil Code, contained in an article relating to divorce, provides that the death of either party after the entry of an interlocutory judgment does not impair the power of the court to enter final judgment. Notwithstanding this provision, the courts of that State have held that the death of the wife after an interlocutory judgment of divorce had been entered in her favor, but before it had become final, had not dissolved the marriage and that the husband was entitled to letters of administration upon her estate. (*Estate of Seiler*, 164 Cal. 181.) Where an interlocutory judgment of divorce had been entered against a wife, it has been held that she was entitled to dower when her husband died prior to the entry of the final judgment. (*Bryon* v. *Bryon*, 134 App. Div. 320.)

This is the situation presented here, with the exception that there the action was for divorce, instead of annulment of the marriage. The attorney for the plaintiffs seeks to distinguish this case from the *Bryon* case. Of course, while actions for divorce and annulment are based on different principles, they are both personal in their nature, and I cannot see why a different rule should apply in one than in the other. In fact, some of the cases outside of the State, above cited, make no such distinction. I think none exists. It follows, therefore, that at the time of the death of Michael Ilg the defendant was his wife, and, therefore, she has dower in his property.

Judgment for the defendant, dismissing the complaint and for the relief sought upon the counterclaim, with costs. Settle findings and judgment on notice.