HARRY GREENBAUM et al., Appellants, v. MABEL A. BYRNS, Doing Business under the Name of BYRNS MOTOR EXPRESS, et al., Respondents.— Order granting motion by defendants Lis, joined in by defendants Byrns and Martin, for a change of venue from Queens County to Oneida County for the convenience of witnesses, affirmed, without costs. No opinion. Close, P. J., Hagarty, Johnston, Adel and Aldrich, JJ., concur.

GREEN BROTHERS SUPPLY COMPANY, INC., Respondent, v. WALTER A. MERTZ, Doing Business under the Name of F. C. MERTZ & SON, Appellant, and COONEY BROTHERS, INC., et al., Defendants-Respondents.— Action to recover for damage to plaintiff's property which occurred when the appellant Mertz's truck was struck by a locomotive of defendant New York Central Railroad Company and hurled against plaintiff's building. The appellant filed a cross complaint against defendant Cooney Brothers, Inc., claiming that at the time of the accident the operator of the truck was in the employ and under the control of Cooney Brothers, Inc. The court dismissed the cross complaint, and Mertz appeals. Amended judgment of the County Court, Westchester County, insofar as appealed from, unanimously affirmed, with costs to respondent Cooney Brothers, Inc. No opinion. Present — Carswell, Acting P. J., Johnston, Adel, Lewis and Aldrich, JJ.

JOSEPH HEHN, JR., Plaintiff, v. COUNTY OF NASSAU, Defendant.— Submission of controversy on agreed statement of facts. Plaintiff is under contract to purchase two lots from the defendant. He rejected title on the ground that it was unmarketable. It seems that an action was brought by the defendant herein against prior owners to establish the regularity of a tax sale, and the title to real estate resulting therefrom, and that the order which it obtained for publication of the summons and complaint was fully complied with but was not to be found on file in the office of the county clerk. The defendant County obtained an order directing the filing of a duplicate original order *nunc pro tunc* as of a date prior to the first day of the publication of the summons. The plaintiff contends that the later order was ineffective to accomplish a compliance with rule 52 of the Rules of Civil Practice, and that there was a jurisdictional defect. The failure to file the original order, if in fact there was such a failure, before the first day of the publication of the summons, was cured by the *nunc pro tunc* order. The failure in this respect was a mere irregularity and did not constitute a jurisdictional defect under the circumstances herein. (*Lambert* v. *Lambert*, 270 N. Y. 422.) Judgment unanimously directed for defendant, without costs, declaring the title to the property to be good and marketable and directing plaintiff to perform the contract. Present — Close, P. J., Hagarty, Carswell, Adel and Lewis, JJ.