MARGARET MATTHEWS, Plaintiff, *v.* CHARLES MATTHEWS, Defendant.

Supreme Court, Special Term, New York County, November 2, 1945.

*Emanuel M. Cohn* for plaintiff.

*Arthur H. Weg* for Gabriel Kirzenbaum (attorney for Effie Matthews), appearing specially.

*Alexander Salottolo,* Counsel for County Clerk of New York County.

SHIENTAG, J. The application is to vacate a final judgment of divorce entered by the clerk of this court on May 19, 1945.

On July 16, 1914, plaintiff obtained an interlocutory judgment of divorce. Thereafter on November 13, 1914, upon the application of plaintiff's attorney, a final judgment for absolute divorce was signed by a justice of this court, with a direction to enter. On the same day, the final judgment was filed with the County Clerk, the Clerk of this Court, and has been in his possession and custody since. The judgment was not " entered " by the clerk, the requisite fee not having been paid. Apparently this neglect was overlooked by all of the parties in interest. The defendant in the divorce action remarried, and there are said to be ten children of his second marriage, four of whom are allegedly minors. As late as 1942 plaintiff in this divorce action recognized the existence of the final judgment by instituting an action at law in New Jersey to recover the alimony provided in the New York judgment of divorce.

The defendant has recently died and it was discovered that the final judgment of divorce had not formally been entered. On May 19, 1945, a member of the Bar of the State of New Jersey, who represented the defendant in his lifetime and who presently represents Effie Matthews, the second wife, paid the clerk his statutory fee and the clerk accordingly marked the final judgment " Filed and fee paid " as of that date.

In support of the application to vacate the judgment the plaintiff makes two contentions: first, that the defendant's death prior to entry of the final judgment on May 19, 1945, abated the action; and second, that the entry of the judgment was in violation of the provisions of section 1176 of the Civil Practice Act. Section 1176 of the Civil Practice Act is derived from section 1774 of the Code of Civil Procedure, which at the time this judgment was rendered regulated judgments by default in matrimonial actions, and provided: " Three months after the entry thereof the interlocutory judgment shall become the final judgment as of course unless the decision of the court or report of the referee shall require and the interlocutory judgment shall provide for the entry of final judgment or unless for sufficient cause the court in the meantime shall have otherwise ordered. If the interlocutory judgment provides for the entry of final judgment such final judgment must be entered

within thirty days after the expiration of said period of three months and can not be entered after the expiration of such period of thirty days except by order of the court on application and sufficient cause being shown for the delay."

The interlocutory decree here provided for the entry of final judgment within thirty days after the expiration of the three-month period from the date of entry of the interlocutory decree.

(1) The death of the defendant did not abate the action. The act of the clerk in entering the judgment was ministerial in nature. The rights of the parties had been finally adjudicated by the court. The death of one of the parties after final judgment has been held not to bar the clerk from the performance of such a ministerial act (*Thorne* v. *Thorne,* 210 App. Div. 55).

(2) Neither section 1774 of the Code of Civil Procedure nor section 1176 of the Civil Practice Act provides any definition of what constitutes " entry " of a final judgment in an action for absolute divorce. Reference, however, is made to section 1236 of the Code of Civil Procedure, now rule 201 of the Rules of Civil Practice, which provides: " *Entry of judgment generally.* A judgment shall be signed by the clerk and filed in his office only during office hours, and such signing and filing shall constitute the entry of the judgment."

The final judgment of divorce contained a provision by the justice who signed it directing that it be entered. In practice, the County Clerk signs the judgment at the time of the payment of the statutory fee. The entry of the judgment, without a court order, was at most a mere irregularity which may be cured on application of any party in interest or at the instance of the court itself. The law does not stand upon technicalities where innocent third parties are involved. The facts are clear and undisputed. No further action is necessary. In the interests of justice the court approves the action taken by the County Clerk in entering the final judgment on May 19, 1945 (*Monacchio* v. *Monacchio,* 247 App. Div. 810). The application to vacate is accordingly denied.