IRVING S. MARKS, Appellant, *v.* PROVIDENT MUTUAL LIFE INSURANCE COMPANY OF PHILADELPHIA et al., Respondents.

Third Department, November 10, 1948.

*Klein, Wikler & Gottlieb,* attorneys (*Harry A. Gottlieb* of counsel), for appellant.

*Wiswall, Walton, Wood & MacAffer,* attorneys (*Kenneth S. MacAffer* of counsel), for Provident Mutual Life Insurance Company of Philadelphia, respondent.

*Edmund A. Koblenz* for David Paul, respondent.

*Sol Rubenstein* for Beaver & Pearl Realty Co., Inc., and Susser's Inc., respondents.

HILL, P. J. Appeal from a summary judgment dismissing plaintiff's complaint. The action was brought to declare void a sale in a mortgage foreclosure upon the theory that jurisdiction of this plaintiff was not obtained because of the failure to file an affidavit which was presented to the court to obtain the order of publication, plaintiff herein being at that time a resident of the State of Illinois. Sometime before the mortgage foreclosure in 1943, plaintiff's mother was the owner of the property. The mortgage was held by Provident Mutual Life Insurance Company of Philadelphia, a defendant-respondent in this action. The order of publication was obtained on January 22, 1943. It recites the presentation of an affidavit verified on January 2, 1943, by Olson an attorney associated with those who represented the plaintiff in the foreclosure action. It was ascertained later that the original affidavit verified by Olson was not filed with the order of publication but instead a copy which omitted his name and that of the notary. In February, 1948, at a Special Term presided over by the same justice who granted the original order of publication, it was directed that the affidavit of Olson, verified five years earlier, be filed in the Albany County Clerk's Office *nunc pro tunc* as of January 22, 1943.

The order of publication, its entry and the publication in the newspaper in compliance therewith are not questioned. The only defect was the failure to file the original affidavit showing facts in connection with the application for the order. This defect may be cured after judgment because the correction is not " ' against the right or justice of the matter ' ". (*Valz* v. *Sheepshead Bay Bungalow Corp.,* 249 N. Y. 122, 138.) The failure to file an order of publication to obtain jurisdiction of a nonresident defendant in a mortgage foreclosure may be corrected *nunc pro tunc.* (*Fink* v. *Wallach,* 109 App. Div. 718; *Hehn* v. *County of Nassau,* 268 App. Div. 917.)

The order directing summary judgment and the judgment appealed from should be affirmed.

BREWSTER, FOSTER, RUSSELL and DEYO, JJ., concur.

Order and judgment affirmed, with costs. [See *post,* p. 1017.]