In the Matter of LOUIS AINSBERG et al., Respondents, *v.* THOMAS F. McCOY, as State Administrator of the Judicial Conference of the State of New York, Appellant.

Third Department, July 16, 1969.

*Lawrence N. Marcus* for appellant.

*A. Bernard King* for respondents.

HERLIHY, J. P.   This is an appeal from a judgment of the Supreme Court at Special Term, which annulled the determination of the appellant converting the title of each of the petitioners to Court Clerk I, and ordered the conversion of the petitioners' titles to Court Clerk II.

The judgment of Special Term annulling the determination of the appellant must be reversed and the petitions dismissed.

The seven petitioners perform administrative or legal-technical duties for the Supreme Court, Bronx County.   Prior to July 1, 1966, each petitioner held the title of Assistant Special Deputy Clerk, a competitive position which required appointment from a list of eligible persons who had passed the required examination.   The minimum qualifications and other information for such examination and the duties encompassed by it are not part of the present record.   The competitive examination position of Special Deputy Clerk was the direct promotional step from assistant.   The Administrative Board of the Judicial Conference of the State of New York, in establishing a civil service structure for the unified court system (see N. Y. Const., art. VI, § 28; Judiciary Law, § 212), adopted a document entitled "Title Structure Adopted by Administra-

tive Board—Unified Court System" which reclassified the clerical positions in the courts of the City of New York effective July 1, 1966. The title of Assistant Special Deputy Clerk was converted to Court Clerk I and the title of Special Deputy Clerk was converted to Court Clerk II, III or IV. Court Clerk III and IV were placed in a noncompetitive class, which gives the Administrative Board great flexibility in the assignment of duties to those formerly qualified special deputies (Court Clerk II). The petitioners' titles, along with the titles of the approximately 130 other Assistant Special Deputy Clerks in the First Judicial Department were converted to Court Clerk I but, unlike the other assistants, the petitioners' actual duties and responsibilities were evaluated to be those of a Court Clerk II (Special Deputy Clerk). A promotional or competitive examination is required to move from the position of Court Clerk I to Court Clerk II.

The appellant contends that since the petitioners could not have become special deputies except by further competitive examination, to now put them into the Clerk II position would be a promotion (Civil Service Law § 121, subd. 3; Judiciary Law § 212, subd. 1).

It appears to be well settled that if the petitioners were performing the work now classified as Clerk II out-of-title as to their positions as assistant special deputies, then they may not be reclassified in the position of Clerk II (see *Matter of Goldhirsch* v. *Krone,* 18 N Y 2d 178; *Matter of Weber* v. *Lang,* 13 A D 2d 345, 349, affd. 11 N Y 2d 997). It is likewise settled that where the former civil service employment was in a classified title encompassing several different types of employment, then the reclassification of the employees in varying job titles which conform to the work they had been performing is permissible and proper (see *Matter of Mandle* v. *Brown,* 5 N Y 2d 51).

The positions of Special Deputy Clerk and Assistant Special Deputy Clerk appear to originate in section 102 of the Judiciary Law. This, in turn, originates from section 4 of chapter 553 of the Laws of 1895, the appointments of special deputies and assistants to be effective January 1, 1896 (see *Fink* v. *Wallach,* 109 App. Div. 718, 720). It appears that there was to be a special deputy for each part or term of the court and that he would be the chief administrator of such part having such assistants as may be deemed necessary. Section 270 of the Judiciary Law assigns specific titles to certain of the special deputies, dependent upon the part or term to which they are assigned. To the extent that the special deputies and

assistants acted as Clerks of the Supreme Court, they were assistants of the County Clerk (see *Fink* v. *Wallach, supra*; *People ex rel. Wogan* v. *Rafferty,* 208 N. Y. 451). The special deputies and assistants also performed other administrative functions within the courts. In view of the foregoing, it appears that both assistant deputies and special deputies acted in the capacity of the County Clerk at terms of court, but that the assistants were subject to the control of the special deputies who in turn were subject to the control and supervision of the County Clerk. The essential distinction between special deputies and assistant deputies seems to be one of experience and knowledge essential to supervision and that the two positions differed only in regard to the supervisory capacity of the special deputy and the responsibilities and duties necessarily attendant to such supervision. The present record does not contain any of the rules referred to in the case of *Fink* v. *Wallach* (*supra*), or in subdivision 2 of section 270 of the Judiciary Law relating to the duties of the special deputies and assistants prior to reclassification. However, it does not appear that a hearing is required.

In order to determine whether or not a reclassified position would be a promotion or demotion as to prior incumbents, the court must first determine whether or not the reclassified position was " in-title " or " out-of-title " as to the incumbent. Upon the present record the petitioners have not shown that the duties which they allegedly performed and which are now in the position of Clerk II were within the proper scope of the competitive examination which they had taken to secure their positions as assistants or that such duties were not within the scope of the title " Special Deputy Clerk ".

The petitioners have alleged that the duties which they performed were necessarily performed by them because the volume of business was so large that the special deputy having the responsibility for such function could not perform all such duties. It is possible to infer that the duties which petitioners claim they performed and which are now Clerk II were the duties of a special deputy and that, accordingly, the work they claim as Clerk II was out-of-title work. Special Term generally described the duties as overlapping and stated: " The system may well have been ' *fuzzy* ' but it was flexible and designed to make the most efficient use of the manpower available and clearly it was not interdicted by any provision of constitution or statute ". (Emphasis supplied.) However, such " use of the manpower available " does not permit the permanent filling of vacancies in such a manner as to constitute a

promotion without the required competitive examination (*Matter of Goldhirsch* v. *Krone, supra,* p. 185).

The reclassification undertaken by the board was in accordance with the mandate to adopt a uniform court system. Upon the present record it might be inferred that one or more incidentals formerly accruing to the position of assistant special deputy are now contained within the scope of Court Clerk II, but it does not appear that there has been in effect a " demotion ". In balancing the necessity of adopting a uniform classification and attendant titles to effect the intended uniform court system against the requirement that the integrity of civil service status be preserved, it appears that the petitioners have not been prejudiced by the present title structure and its promotional requirements. Prior to the reclassification there were two titles, Special Deputy Clerk and Assistant Special Deputy Clerk. The Administrative Board converted the petitioners to Court Clerk I and converted special deputies to Court Clerk II, III and IV. It appears that Court Clerk III and IV had no association with Court Clerk I and would not have been within the scope of the former title of Assistant Special Deputy Clerk. The petitioners were subject to a competitive promotional examination prior to the reclassification and to permit their present reclassification as Clerk II would result in their now being able to avoid the prior requisite of examination. Upon the present record there has been no demotion and as noted hereinabove, the petitioners have not shown that the functions of Court Clerk II were previously encompassed within the title of Assistant Special Deputy Clerk. The petitioners are not being demoted as a result of this decision inasmuch as they continue to occupy the classification to which they were formerly entitled and they continue to receive the same salary and other benefits.

The present action is readily distinguishable from the many cases cited in the respective briefs, *inter alia,* because in the reclassification four titles were established, the first two being competitive, the remainder being noncompetitive.

The judgment should be reversed, on the law and the facts, and the petitions dismissed, without costs.

REYNOLDS, COOKE and GREENBLOTT, JJ., concur; AULISI, J., not voting.

Judgment reversed, on the law and the facts, and petitions dismissed, without costs.