Ingraham, J.
The substantial parties to this action are residents and citizens of this state, and bound by its laws and the judgments of its courts, and have appeared generally in this action, and are subject to the jurisdiction of the courts.
In an action for divorce between the plaintiff and the defendant W. B. Wetmore, both parties appearing in the action, this court has granted to the plaintiff a divorce and has by its judgment in such action, directed the said defendant to pay the sum of $6,000 a year alimony, for the support of the plaintiff and the children of the marriage, and that judgment was duly served upon the said defendant within this state.
There is no contention but what that decree was in all respects regular, nor is it alleged that it is not binding upon the defendant William B. Wetmore, nor is any fact alleged tending in the slightest degree to show that the enforcement of that judgment is inequitable. Said defendant, however, has, since the service of the judgment'upon him, withdrawn from the jurisdiction of the court, so that it is impossible to enforce the decree as against him by any of the remedies provided for in the Code of Procedure. It further appears that there is in this state a trust fund created by the will of this defendant’s father, whereby he is entitled to receive the income of such trust fund, and a sum of money representing such income since the commencement of this action, which it is conceded is the property of this defendant W. B. Wetmore, is now in court subject to the judgment of the court, and the defendants now claim that this court has no power by its judgment to provide that this sum of money, the property of this defendant, should be applied to the payment of this judgment for alimony, and the court has no power to provide that the accruing income from this trust fund should as it becomes payable to the defendant. W. B. Wetmore be applied to the discharge of the obligations created by the judgment of this court, or in other words that the defendant William B. Wetmore, a citizen of this state, entitled to *752 the proceeds of property invested in this state, may, by merely withdrawing himself from the jurisdiction of the court, disregard its judgments and treat its decrees with defiance and contempt, the court being powerless to enforce its judgments. I cannot agree that the power of the courts of this state over its citizens is thus, limited.
The principle invoked by the defendant that the jurisdiction of the courts of this state in actions for divorce is limited by the provisions of the Code, and that the court has no power to grant any judgment in such an action, except that expressly provided by the Code, does not apply to the question here presented. This is not an action for divorce. That action has already been disposed of by the judgment that the plaintiff here seek to enforce, and that judgment it is conceded is in all respects valid and in strict conformity with the provisions of the Code. By that j udgment the court had directed the defendant, William B. Wetmore, to pay the plaintiff a sum of money. The question now is as to the power of the court to enforce this valid judgment and for that purpose the plaintiff applies to this court of equity to exercise its general equity jurisdiction and the decision of this case depends not upon the power of the •court to grant a judgment in a divorce case, but upon the general power of a court of equity to enforce its own judgment.
It is a principle at the foundation of the jurisdiction of a court of equity, that its decrees are framed to meet the facts of each particular case ; so that where a plaintiff asks for the enforcement -of a right which equity has jurisdiction to enforce it adapts its decree or judgment to such form as will give the relief to which the plaintiff is entitled. Thus, Judge Story, after speaking of the limitations of a court of common law, says: But courts of equity are not so restrained. Although they have prescribed forms of procedure, the latter are flexible and may be suited to the different postures of cases. They may adjust their decrees so as to meet most if not all of these contingencies, and they may vary, qualify, restrain and model the remedy so as to suit it to mutual and diverse claims, controlling equities and the real and substantial rights of all the parties. * x * So that one of the most striking and distinctive features of courts of equity is that they can adapt their decrees to all the varieties of circumstances which may arise and adjust them to all the peculiar rights of all the parties in interest.” 1 Story Eq. Juris. § 28. This principle has been many times recognized and applied by the courts of this state, and in no case with which I am acquainted have the courts refused to grant the plaintiff the equitable relief to which he was.entitled, bedause the situation is such as to render it impossible for the plaintiff to comply with any particular form or spespecial conditions.
. Thus in the case of National Tradesman’s Bank v. Wetmore, 124 N. Y. 248; 35 St. Rep. 316, it was held that the return of an execution unsatisfied was not necessary where the situation was such as to render impossible the issuance of' such execution, and it seems to me that the principle established in that case is a direct authority which justifies the granting of the relief here *753 sought. That action was brought to set aside as fraudulent a deed from one Abner 0. Wetmore through a third person, to his wife, by a creditor of said Wetmore. The trial court found that the conveyance was made by Wetmore after his indebtedness to the plaintiff accrued, and was made without consideration and with intent to defraud his creditors. Wetmore subsequently died, and the referee found that at the time of his death he had no title to any property, real or personal, in the state of New York. No judgment,had been obtained against Wetmore or his estate and no execution had been returned. The court held that the case was not within the contemplation of the statute relating to creditors’ actions; that the support of the action was dependent upon the “common law power" of the court of equity; that the rule that an execution must be returned unsatisfied, as the only proof admissible that the remedy at law had been -exhausted, was not so unrelenting as to deny to a party the interposition of the equity powers of the court, when the situation is such as to render impossible the aid of a court of law, to there take the preliminary steps and produce what ordinarily may be treated .as the condition precedent to the application for relief, and the court, in reversing a judgment which refused the plaintiff relief said: “ When a party has done all that is possible for him to do to prepare the way for his case to equitable cognizance, he is not to be denied access to the only tribunal capable of granting relief merely because he had proceeded no further than he was, without any fault or laches on his part, permitted to. That would be repugnant to the maxim ‘that there is no wrong without a remedy; ’ but while that maxim is not absolutely true, it expresses a principle, and it is for that rather than precedent that courts will seek in considering whether any or what remedy may be had in the administration of justice.” (ib., p. 251.)
Look for a moment at the situation presented here. The judgment of the court provides that this defendant, William B, Wetmore, should pay to the plaintiff a sum of money each year. William B. Wetmore is entitled to receive for his own use a sum of money from the defendant trustee. He has left the jurisdiction of the court, refuses to obey its judgments, and in consequence of such absence the ordinary remedy provided for the enforcement of that judgment is impracticable. We have thus the obligation of the defendant, William B. Wetmore, to pay to the plaintiff this sum of money. We also have an equitable obligation of the defendant trustee to pay to the defendant, William B. Wetmore, the income of this trust fund as it accrues. In consequence of the voluntary act of the defendant, William B. Wetmore, in leaving this state, it is impossible to proceed against him by the ordinary methods used to enforce the judgment in the action for divorce. If he were present and subject to the jurisdiction of this court, there can be no doubt that the court by a commitment for contempt could compel him to apply the income from this trust fund to the payment of the amount adjudged to be paid to the plaintiff for alimony; also upon what principle can it be said that, *754 because he absents himself from this State and voluntarily places himself in such a position that the plaintiff cannot enforce her judgment against him by proceedings for contempt, thereby the court has lost its power to do what it could do if he were present and submitted himself to its jurisdiction ? It is true that no express precedent is cited where such relief has been granted, but neither is there any case cited that holds that the court has not such power, and, as was said by the court of appeals in the case of the Rational Tradesman's Banlc v. Wetmore, supra, “ it is for the enforcement of the principle ‘ that there is no wrong without a remedy ’ rather than precedent that courts will seek in considering whether any or what remedy may be had in the administration of justice.”
In the case of Miller v. Miller, 1 Abb. N. C., 33, Mr., Justice Barrett clearly intimates that, in his opinion, a court of equity has power to enforce such a judgment, not treating the wife and children as mere judgment creditors. And in his opinion I fully concur.
The fact that the fund, the income of which is sought to be reached by this action, is held by a trustee, and that it is to a court of equity that any one seeking to enforce a trust must resort, gives to the Court, as the only tribunal that can enforce this judgment, jurisdiction. The court is not asked to interfere in any way with the trust or to do any act that would tend to destroy it. It does not anticipate the income from the trust fund, but simply, takes hold of the interest of the defendant W. B. Wetmore as it accrues, and provides that that interest shall be applied to the payment of the obligation of said Wetmore as long as he refuses to comply with the judgment of the court. I think, therefore,, that the plaintiff is entitled to a decree adjudging that the accrued income in the hands of the trustee be applied to the payment of the amount due to the plaintiff from William B. Wetmore under the judgment of divorce, and directing the trustee to apply such income in the future, as it accrues, to the satisfaction of that judgment. The decision and judgment to be settled on notice.