THAYER v. THAYER.

(Supreme Court, Appellate Division, First Department. June 2, 1911.)

DIVORCE (§ 243*)—ALIMONY—JUDGMENT—ARREARS—ENTRY—NOTICE.

Since a clerk of court is without authority to enter judgment for plaintiff in divorce for arrears of alimony, essential to the enforcement of such installments by execution under Code Civ. Proc. § 1240, and the court is given jurisdiction over the clerk's docket by section 1269, plaintiff in such action was entitled to apply to the court without notice to defendant for the entry of judgment for installments of alimony in arrears as they accrued; such action not being the rendition of a new judgment, but merely a means of putting into practical effect plaintiff's right to have her judgment in such form that execution could issue thereon.

[Ed. Note.—For other cases, see Divorce, Dec. Dig. § 243.*]

Laughlin, J., dissenting in part.

Appeal from Special Term, New York County.

Action by Marjorie Thayer against Henry W. Thayer. From an order directing the entry of judgment for arrears of alimony, defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Everett V. Abbot, for appellant.
Wm. E. Warland, for respondent.

SCOTT, J. The defendant appeals from an order directing the clerk to docket, as a judgment, the amount due from defendant to plaintiff for unpaid alimony awarded by a final decree of divorce.

On January 7, 1909, the plaintiff recovered a judgment of divorce against defendant, wherein said defendant was ordered and directed to pay alimony to said plaintiff at and after the rate of $150 per month. This he did for a few months, but failed to pay the installment for the month of November, 1909, whereupon plaintiff undertook, by proceedings to punish him as for a contempt, to compel the payment of the unpaid installment. The result of these proceedings was that defendant was committed to jail for his contempt, and was there incarcerated for three months. He thus became immune against any further attempt to compel payment of alimony by contempt proceedings. Peo. ex rel. Levine v. Shea, 201 N. Y. 471, 94 N. E. 1060. He has paid no alimony since October, 1909, and is now indebted therefore in the sum of $2,550, with interest. The order appealed from directs the clerk to docket this sum as a judgment against him.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

There is no doubt that this amount is due to plaintiff, and that it is in the nature of a judgment debt, for it is a sum which the court has directed defendant to pay. It is a judgment which may be enforced by execution. Code Civ. Proc. § 1240; Miller v. Miller, 7 Hun, 208. Although it was said in the last-cited case that "no difficulty exists in the way of docketing such a judgment, nor in issuing execution upon it from time to time, as the amounts recovered become due and payable," yet there would seem to be a practical difficulty in the way without the interposition of a direction by the court. That difficulty does not arise alone from the fact that the payments are ordered to be made in the future, for, if the judgment was for a definite and certain sum of money to be paid at a future day, it could be docketed at once.

It was so held in Harris v. Elliott, 163 N. Y. 269, 57 N. E. 406. In that case the judgment directed the plaintiff to pay a sum of money to the defendants within five days after the entry of judgment. The plaintiff having failed to obey, the question was whether payment could be enforced by proceedings as for a contempt. The Court of Appeals held that the sum might be collected by execution, and that, although the sum was not presently payable under the terms of the judgment, still the judgment should have been docketed when it was entered; the execution being withheld until the expiration of the five days allowed for voluntary payment. This case is authority for the proposition that it is not necessary that a judgment should be presently payable in order to permit of its being docketed. In the case of a judgment for future alimony, however, it is not possible to docket a judgment at once for all the alimony that may become payable under the judgment, because it is impossible to foresee how long the payments are to continue. The only practicable method is to docket successive judgments as the installments of alimony fall due. The clerk is merely a ministerial officer, having no judicial powers. If application were to be made to him, from time to time, he would have no power to determine whether the judgment still remained effective (for the death of either party would cancel the obligation to pay), or whether the installment or installments which it was sought to docket still remained unpaid. The court, however, has jurisdiction over the clerk's docket (Code Civ. Proc. § 1269), and it is entirely proper that application should be made to the court for an order directing the clerk to docket as a judgment any installments of alimony which remain unpaid. Such an order is not the rendition of a new judgment for the amount, but merely a means of putting into practical effect the plaintiff's right to have her judgment put in such form that execution can be issued upon it. Some such order seems to have been entered in Wetmore v. Wetmore, 149 N. Y. 520, 44 N. E. 169, 33 L. R. A. 708, 52 Am. St. Rep. 752, although the printed case on appeal does not disclose precisely what form it took. At all events, it was deemed to be sufficient to support an action in the nature of a creditor's bill. We are therefore of the opinion that the order appealed from was properly made. It added nothing to the defendant's burden, and did not amount to a new judgment against him. Nor did it give the plaintiff any remedy to which she was not already entitled.

It simply removed the technical difficulties which seemed to stand in the way of the exercise of her undoubted right to enforce payment of the alimony by execution.

In the present case the order was made upon notice to the defendant. We do not consider that any notice was necessary. If it were, a defendant might avoid the enforcement of a decree for alimony by absenting himself from the state, although he might have ample property within the state which could be reached by execution, and it is, at least, doubtful whether, after final judgment, service of notice upon his attorneys would be equivalent to notice to him. It is sufficient that the court is satisfied from the proof presented to it that both parties are still alive, and that the alimony remains unpaid. If the court is misled and an installment improperly docketed, the defendant will find no difficulty in having the mistake corrected.

The order appealed from is affirmed, with $10 costs and disbursements.

INGRAHAM, P. J., and McLAUGHLIN and CLARKE, JJ., concur.

LAUGHLIN, J. I concur in the result, but am of opinion that notice is required, which was given in this case.