(159 App. Div. 228.)

### In re DONOVAN.

(Supreme Court, Appellate Division, First Department. November 21, 1913.)

DIVORCE (§ 264*)—ALIMONY—JUDGMENT—SUPPLEMENTAL PROCEEDINGS.

    Under Code Civ. Proc. § 2458, providing that to enable the judgment creditor to maintain special proceedings the judgment must have been rendered upon the judgment debtor's appearance or service of the summons, for a sum not less than $25 or substituted service of the summons, a wife who has obtained a final decree of separation from her husband

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

with award of alimony can move the court without notice to defendant for the entry of judgment for installments of alimony in arrears amounting to more than $25; such action not being the rendition of a new judgment, but merely a means of putting the judgment in such form that execution might issue thereon.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 739; Dec. Dig. § 264.*]

Appeal from Special Term, New York County.

Application by Bridget Donovan, judgment creditor, for an order for the examination of Edward F. Donovan, judgment debtor in proceedings supplementary to execution. From an order denying a motion to vacate an order for his examination, the judgment debtor appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Isaac N. Miller, of New York City (Jacob Landy, of New York City, of counsel), for appellant.

Goldsmith, Rosenthal, Mork & Baum, of New York City (Max Horowitz, of New York City, of counsel), for respondent.

CLARKE, J.   Bridget Donovan obtained a final decree of separation from her husband, Edward F. Donovan, on December 17, 1909, awarding her $22 a week alimony. The defendant paid the alimony as required down to February 1, 1912. Plaintiff thereafter made a motion to punish defendant for contempt for nonpayment, and an order was made committing him to the county jail, where he was incarcerated for three months, when he was released. No further payment of said alimony has been made down to the present date.

On March 19, 1913, there was due and owing $1,353.29 alimony with interest thereon. On March 27, 1913, judgment was duly docketed for said amount by the clerk upon an order of the court made upon due notice.. Subsequently an execution was issued, which execution was returned wholly unsatisfied. On May 12, 1913, an order was granted requiring the defendant to appear and be examined in proceedings supplementary to execution. On the return day the defendant failed to appear personally, but was represented by counsel who interposed objections challenging the jurisdiction of the court. The contention was that the order for the examination of the defendant was improperly issued, on the theory that the order was not in compliance with section 2458 of the Code of Civil Procedure, in that the judgment entered on the 27th of March, 1913, was granted upon a motion and not upon the personal service of the summons and complaint. The court suggested that an application be made at Special Term, part 1, upon notice, to vacate the order, which was done, and from the order denying that motion this appeal is taken.

The judgment creditor has followed the method pointed out by Mr. Justice Scott in Thayer v. Thayer, 145 App. Div. 268, 129 N. Y. Supp. 1035, which presented a similar state of facts down to the docketing of the judgment. The right to docket a judgment for unpaid alimony, upon the facts here presented, cannot be questioned in this court.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The sole point raised is that the proceedings for examination supplementary to execution are statutory, unknown to the common law, and require technical conformity to the statute. That as section 2458 of the Code provides:

"In order to entitle a judgment creditor to maintain either of the special proceedings authorized by this article (supplementary proceedings before or after return of execution), the judgment must have been rendered upon the judgment debtor's appearance or personal service of the summons upon him, for a sum not less than $25 or substituted service of the summons upon him"

—this judgment was not so rendered, but upon motion.

The answer is to be found in the Thayer Case, supra, where this court said:

"Such an order is not the rendition of a new judgment for the amount, but merely a means of putting into practical effect the plaintiff's right to have her judgment put in such form that execution can be issued upon it."

Of course, this judgment is made in the action and, though an order intervene, is upon the original service of the summons and complaint therein. It follows that, if we were right in directing such judgments for unpaid alimony to be entered, the judgment so entered necessarily carries with it the proper means to compel the satisfaction thereof, viz.: First, the issuance of an execution; and, second, proceedings supplementary to execution.

The order appealed from should be affirmed, with $10 costs and disbursements to respondent. All concur.