## VALENTINE v. JNO. WILLIAMS, Inc., et al.

(Supreme Court, Special Term, New York County. May 25, 1916.)

1. DIVORCE ⪧264—SATISFYING ALIMONY—PLEADING.
   A wife, seeking to reach her husband's weekly salary of $45 in satisfaction of alimony by complaint framed as in a judgment creditor's action, did not allege that any salary was due and unpaid the husband, but alleged the exhaustion of all legal remedies for the wife's collection of alimony accrued under a judgment of divorce, that no more than $22.50 was necessary for the husband's maintenance, and that the wife was without means for her support. Held, that the allegations did not support a judgment for a continuing lien upon the salary as it accrued.

   [Ed. Note.—For other cases, see Divorce, Cent. Dig. § 739; Dec. Dig. ⪧264.]

2. EXEMPTIONS ⪧76—ALIMONY—STATUTE.
   As to accrued earnings for services rendered within 60 days, the exemption of Code Civ. Proc. § 1879, concerning what property cannot be reached by a judgment creditor's action, cannot be asserted against the debtor's wife, as she is the party for whose benefit the exemption is made.

   [Ed. Note.—For other cases, see Exemptions, Cent. Dig. §§ 100, 101; Dec. Dig. ⪧76.]

3. CREDITORS' SUIT ⪧8(6)—SALARY DUE JUDGMENT DEBTOR.
   To support a creditor's action it must appear that some salary is in fact due the debtor.

   [Ed. Note.—For other cases, see Creditors' Suit, Cent. Dig. §§ 25, 26; Dec. Dig. ⪧8(6).]

---

⪧For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. EXEMPTIONS ⬡⟶76—LIEN ON EARNINGS—STATUTE.
  The only lien of a judgment ·upon the judgment debtor's prospective earnings is limited to 10· per cent. by Code Civ. Proc. § 1391.
  [Ed. Note.—For other cases, see Exemptions, Cent. Dig. §§ 100, 101; Dec. Dig. ⬡⟶76.]

5. DIVORCE ⬡⟶263—SATISFYING JUDGMENT FOR ALIMONY—STATUTE.
  A creditor's suit is not necessary to enable a wife, under her judgment of divorce, to reach her husband's salary, in satisfaction of alimony, within the limit allowed by law, as upon docketing the decree for alimony an execution, under Code Civ. Proc. § 1391, is available.
  [Ed. Note.—For other cases, see Exemptions, Cent. Dig. § 739; Dec. Dig. ⬡⟶263.]

Action by Valentine against Jno. Williams, Incorporated, and others. Defendant's motion for judgment on the pleadings granted, and plaintiff's denied.

Otis & Otis, of New York City, for Elizabeth A. Valentine.
Sayers Bros., of New York City, for John Williams, Inc.
John K. M. Ewing, of New York City, for J. H. Valentine.

ERLANGER, J.   [1] Alleging the exhaustion of all legal remedies for the collection of alimony accrued under a judgment of divorce, the plaintiff seeks in this action to reach her husband's weekly salary of $45, paid him by the defendant corporation, upon averments to the effect that no more than $22.50 per week is reasonably necessary for his maintenance, and that she is without means for her support.   The question whether such an action may be maintained is presented by demurrer to the complaint.   While framed as in a judgment creditor's action, this complaint does not set forth the fact that any salary is due and unpaid to the defendant, but it is contended that a case is sufficiently alleged to support a judgment for a continuing lien upon the salary, as it accrues, within the principles applied in Wetmore v. Wetmore, 8 Misc. Rep. 51, 28 N. Y. Supp. 377; Id., 79 Hun, 268, 29 N. Y. Supp. 440; Id., 149 N. Y. 520, 44 N. E. 169, 33 L. R. A. 708, 52 Am. St. Rep. 752.   The case cited involved the application of income payable to the husband, as beneficiary of a trust fund within the state, where it appeared that he had left the jurisdiction for the purpose of avoiding the payment of alimony for the support of his wife and children.   The fund was within the control of the court, and, by resort to the doctrine of marital unity, the determination was reached that the wife could be viewed as a beneficiary of the trust; hence that she had a property right in the income by virtue of the decree for her support.   In the present case, there is no fund over which the court may assume control, nor is there an actual property right, either in the husband or the wife, which could be made to attach to the husband's unearned salary.

[2-4] Doubtless, as to accrued earnings for services rendered within 60 days, the statutory exemption could not be asserted against the debtor's wife, since she is one of the persons for whose benefit the exemption is made (Code Civ. Proc. § 1879), but, to support a creditor's action, it must appear that some salary is in fact due the debtor

⬡⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

(Browning v. Bettis, 8 Paige, 568), and there is no such allegation in the complaint. The only lien of a judgment upon prospective earnings is limited by the statute to 10 per cent. (Code Civ. Proc. § 1391), and the court has no power to extend the remedy which the Legislature has thus created and defined. It would certainly appear that the situation now presented should call for further legislation, to the end that a husband with a sufficient earning capacity may not secure to himself nine-tenths of his salary as a reward for enduring a limited term of imprisonment under commitment for contempt, and thereby absolve himself from his obligation to support his wife, but the court is required to apply the laws as they exist.

[5] I cannot find ground for the maintenance of this action upon the theory of the Wetmore Case, and, to reach the defendant Valentine's salary, within the limit allowed by law, a creditor's suit is not necessary. Upon docketing the decree for alimony (Thayer v. Thayer, 145 App. Div. 268, 129 N. Y. Supp. 1035. In Re Donovan, 159 App. Div. 228, 144 N. Y. Supp. 280, an execution under section 1391 of the Code of Civil Procedure is available.

I conclude that the complaint is insufficient in substance, and that the defendant's motion for judgment upon the pleadings should be granted. Plaintiff's motion for judgment denied. No costs.