ELISE A. WHITE, Appellant, *v.* OCTAVIO K. WHITE, Defendant.
ELISE A. WHITE, as Administratrix, etc., of OCTAVIO K. WHITE, Deceased; ROBERT L. WHITE and Others, Specially Appearing, Respondents.

First Department, October 11, 1928.

*Arthur Goodstein*, for the appellant.

*Edward J. Flanagan*, for the administratrix.

*Franklin P. Schaffer*, for the respondents, Robert L. White and others, appearing specially.

Order affirmed on the opinion of VALENTE, J., at Special Term.

Present — DOWLING, P. J., FINCH, McAVOY, MARTIN and PROSKAUER, JJ.

The following is the opinion of VALENTE, J.:

VALENTE, J. This motion is stated to be " to direct the administratrix to pay an alleged debt of the estate." The said debt is unpaid alimony accrued under an order *pendente lite* in a separation action which has undoubtedly abated by the death of the husband. The motion is made in the separation action. A very little analysis shows that the motion will not lie. Of course there is no power in this court on a motion such as this to " compel payment." The remedy for enforcement of alimony is: (1) Contempt against the husband. That will not lie. (2) Sequestration. That will not lie. (3) Reduce the accrued alimony to a judgment and issue execution. I do not find any other remedy. Can this sum be reduced to a judgment on a motion in the action which has abated? It has been held that an action is terminated by the dismissal of the complaint and that thereafter a contempt proceeding will not lie for the collection of unpaid alimony under an order *pendente lite*. (*Hayes* v. *Hayes*, 208 N. Y. 600.) That seems to be based upon the ground that the contempt proceeding must be had in the action, as it cites *Matter of Thrall* (12 App. Div. 235; affd., 153 N. Y. 644), in which it was held that a discontinuance deprived the wife of power to enforce the unpaid alimony. The wife bases her claim squarely on the third remedy mentioned above and cites *Thayer* v. *Thayer* (145 App. Div. 268). There would be much cogency in this argument if this action had been " terminated " (as in the *Thayer* case) by a decree. It is quite well settled that a final decree does not terminate a matrimonial action as to alimony if there be a provision for alimony in the decree. As to that direction the action still remains pending (in a sense). But even in the *Thayer* case the court twice called attention to the fact that the unpaid alimony could not be reduced to judgment after the defendant's death, (a) page 270, " the death of either party would cancel the obligation to pay," and (b) page 270, " it is sufficient that the court is satisfied from the proof presented to it that both parties are still alive." It cannot be that those words refer to alimony accrued after death. There is no such thing. They must refer to death after accrual of alimony. I confess that I do not plainly comprehend (if a debt is due from a defendant under a judgment and the docketing of that debt does not change the judgment, but is only for the convenience of the clerk) why that convenience cannot be served after defendant's death as well as before when there is no requirement for service on the defendant. The reason stated is that the motion must be made in the action. An ordinary action terminates absolutely on rendition of judgment, yet a correction can be made in it despite the fact that it is no longer pending. But the authorities seem settled on this point. I feel I should fol-

low the admonition of the Appellate Division in the *Thayer* case (despite the fact that it is dictum) and the settled policy of the Court of Appeals in denying the remedies of contempt. The motion is denied. Had I arrived at a different conclusion I should send the other questions to an official referee to hear and report as to the facts.