CHARLOTTE DONCOURT, Also Known as CHARLOTTE MURRAY, Respondent, v. KENNETH DONCOURT, Also Known as KEN MURRAY, Appellant.

First Department, June 20, 1935.

*Almet R. Latson, Jr.*, of counsel [*George A. Timone* with him on the brief; *Latson & Tamblyn*, attorneys], for the appellant.

*Julian T. Abeles* of counsel [*Leopold Bleich* with him on the brief; *Julian T. Abeles*, attorney], for the respondent.

UNTERMYER, J. The action is by the plaintiff against her husband for separation on the ground of abandonment and for suitable provision for support. The court found in favor of the plaintiff on the issue of abandonment and its determination in this respect is not challenged on this appeal. The court also found in the plaintiff's favor on the question of jurisdiction by reason of the residence of both parties in this State and county at the time of the commencement of the action and also because both parties

had resided here for at least one year before the commencement of the action. It accordingly entered judgment of separation in favor of the plaintiff, awarding to her permanent alimony of thirty-five dollars per week. On the contested issue of residence we perceive no reason to disturb the finding of the trial court.

We are, however, of the opinion that the court had no power to include in the judgment of separation a money judgment against the defendant for the amount of accrued and unpaid temporary alimony. On May 28, 1928, shortly after the institution of the action, the court, upon application of the plaintiff, had made an order awarding to her alimony *pendente lite* at the rate of $75 per week. The amount of such accumulated and unpaid alimony to the date of the entry of final judgment was $6,740, and thereby it was " ordered, adjudged and decreed that the plaintiff Charlotte Doncourt * * * do recover of the defendant Kenneth Doncourt * * * the sum of * * * $6,740 * * * and that the plaintiff have execution therefor." We find no authority of statute or decision for the entry of a judgment for unpaid installments of temporary alimony. Although permanent alimony unpaid under a final decree in a matrimonial action is in the nature of a judgment debt which may, upon direction of the court, be docketed as a judgment (Civ. Prac. Act, § 504; *Thayer* v. *Thayer,* 145 App. Div. 268), different principles apply to unpaid installments of temporary alimony. (*Jacobson* v. *Jacobson,* 85 Misc. 253; affd., 168 App. Div. 900; *McCormack* v. *McCormack,* 241 id. 762; *Gallagher* v. *Gallagher,* 245 id. 711; *Percival* v. *Percival,* 14 N. Y. St. Repr. 255; *Straus* v. *Straus,* 67 Hun, 491.) The reason for the distinction is said to be that authority to award temporary alimony (Civ. Prac. Act, § 1169) and the means for its enforcement (Civ. Prac. Act, §§ 1171, 1171-a, 1172) rest exclusively upon statutory provisions which are not to be extended by implication. (*Beadleston* v. *Beadleston,* 103 N. Y. 402.) Since the statute which creates the right also provides for relief by contempt and sequestration, these will be deemed to be the remedies, and the only remedies, by which it is enforcible. (*Weber* v. *Weber,* 93 App. Div. 149; *Mercer* v. *Mercer,* 73 Hun, 192.)

The court, it is true, may in its discretion provide by final judgment that alimony be paid *nunc pro tunc* from the time of the commencement of the action (*McCarthy* v. *McCarthy,* 143 N. Y. 235; *Harris* v. *Harris,* 259 id. 334), but nothing of the kind was attempted here. On the contrary, it is recited in the findings that the plaintiff at the trial moved for judgment against the defendant " in the amount in which this defendant might be in arrears in the payment of such [temporary] alimony to the plaintiff to the date

of the entry of the judgment herein." The court thereupon found as a conclusion of law that the plaintiff was entitled to judgment against the defendant in the sum of $6,740, " representing alimony accruing and unpaid to the date of the entry of judgment herein." The judgment as entered accordingly provides that the plaintiff recover this sum of the defendant " representing alimony accruing and unpaid to and including Monday, January 7th, 1935, under the order of this court made and entered herein on the 28th day of May, 1928." Moreover, the amount included in the judgment is computed at the rate of seventy-five dollars per week, in accordance with the order for temporary alimony and not at the rate of thirty-five dollars per week as allowed by the final judgment. It is, therefore, unnecessary to consider whether, within the decision in *Turner* v. *Woolworth* (221 N. Y. 425), the existence of the order for temporary alimony would preclude the plaintiff from securing an allowance *nunc pro tunc* in the final judgment covering the same period of time. It is sufficient for the purposes of this case to say that no such allowance was made nor appears to have been intended.

The judgment should be modified by eliminating the provision directing judgment in favor of the plaintiff and against the defendant in the sum of $6,740, and as so modified affirmed, without costs.

MARTIN, P. J., MERRELL and TOWNLEY, JJ., concur; GLENNON, J., dissents and votes to affirm.

Judgment modified by eliminating the provision directing judgment in favor of the plaintiff and against the defendant in the sum of $6,740, and as so modified affirmed, without costs. Settle order on notice.