ELIZABETH REID, Plaintiff, *v.* JOHN J. REID, Defendant.

Supreme Court, Westchester County, February 6, 1939.

*Klein, Klein & Freidman,* for the plaintiff.

*Mario J. Cariello,* for the defendant.

DAVIS, J.   The action is based on an order made by the Children's Court, Westchester county, on November 23, 1936, directing defendant to pay the sum of five dollars per week for the support of his minor child.   That defendant is in arrears on the payments is admitted, though the amount of the arrears is in dispute.   Such a dispute could be determined under rule 113 of the Rules of Civil Practice by an assessment of damages.

The action is brought by the mother of the child. It does not satisfactorily appear, either from the complaint or from the moving affidavit, that the mother is entitled to the payments assessed against the defendant. The order of the Children's Court does not identify the person to whom payment should be made. It appears from a certificate issued by the clerk of the court that some part, at least, of the money was to be paid to a school which the child apparently attended. Whether the balance was to go to the plaintiff is uncertain. The action is based on a debt, and in order to recover the plaintiff must show that she is the creditor.

The more serious question, however, is whether such an action will lie at all. Section 6 of the Children's Court Act provides that a violation of such an order shall be punishable either as a misdemeanor or as a contempt of court. Provision is also made for the maintenance of a civil action by certain public officials to recover the amounts due and unpaid. (Children's Court Act, § 6, subd. 2, clause (d); Code Crim. Proc. § 920.) There is no authority in the statute for an action brought by a private individual, even though she be the mother of the child. In my opinion such authority cannot be implied. There is no difference in principle between this action and an action to recover upon a Supreme Court order awarding temporary alimony. Such an order is not actionable, and may be enforced only in the manner expressly provided by the statute which creates the remedy. (*Doncourt* v. *Doncourt*, 245 App. Div. 91; affd., 275 N. Y. 470.) The same reasoning applies to an order for the payment of money granted in the Children's Court. If the Supreme Court has no power to enforce its own order by action it can scarcely possess such power with respect to an order issued by an inferior court. I conclude that the action will not lie. If the remedies now existing are inadequate the creation of others rests with the Legislature.

The motion is denied. Submit order on notice.