744

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARCUS SIMMONS, Appellant.— Judgment of the County Court of Orange county, convicting the defendant of the crime of violating the provisions of section 70, subdivision 5, of the Vehicle and Traffic Law, as a felony, unanimously affirmed. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ.

MABEL ROONEY, Respondent, v. WILLIAM F. ROONEY, Appellant.— In an action for a judgment of separation, appeal from the judgment dated the 15th day of April, 1938, modified by striking therefrom the last ordering paragraph, and as so modified, unanimously affirmed, without costs. Finding of fact " 14 " reversed and conclusion of law " 4 " disapproved. The appeal from the judgment dated the 20th day of August, 1938, is dismissed, without costs, and without prejudice to an appropriate motion to vacate the judgment. The proof adduced in support of the complaint was sufficient, if believed in its entirety by the trier of the facts, to support the judgment of separation. (Boyd v. Boyd, 252 N. Y. 422, 429.) Accepting respondent's proof, the last marital domicile of the parties was in this State and, in addition, concededly both parties were residents of this State at the time of the commencement of the action (Civ. Prac. Act, § 1162), the appellant moreover having invoked the jurisdiction of the courts of this State by counterclaiming for a separation. If the refusal of the respondent to return to the appellant was justified, then his domicile was no longer hers and thus the State of Massachusetts never acquired jurisdiction to render judgment in the action subsequently commenced therein by appellant. The provision in the judgment entered on the 15th day of April, 1938, for a money judgment, representing accrued and unpaid temporary alimony, was erroneously included, as the statutory methods of enforcing payment of such alimony are exclusive. (Doncourt v. Doncourt, 245 App. Div. 91, 93; affd., without opinion, 275 N. Y. 470.) The so-called " amended judgment " made the 20th day of August, 1938, is a nullity. That judgment does not purport to have been made upon motion to amend, nor does it appear that in fact it amends the existing judgment. It appears to be an adjudication independent of and subsequent to the existing judgment. The provisions in this so-called judgment with respect to the commencement of alimony as of 1931, together with a money judgment in the sum of $4,040, were patently inserted for the purpose of granting a remedy to the respondent to which she was not entitled. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

RUBIN ROSEN, an Infant over the Age of Fourteen Years, by JACOB ROSEN, His Guardian ad Litem, and JACOB ROSEN, Respondents, v. WASHINGTON BATHS, INC., Appellant.— Action for damages for personal injuries suffered by infant plaintiff as a consequence of the negligence of the defendant; also companion action of infant's father for expenses and loss of services. Judgment for the plaintiffs unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.

MEYER SCHWARTZ, Appellant, v. TITLE GUARANTEE & TRUST COMPANY, Respondent.— In an action to recover for damages alleged to have been sustained because of the defendant's negligence in examining and reporting on title to real property, judgment entered on the verdict of a jury in favor of defendant unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.