(May 21, 1941.)

MARGARET H. THORN, Respondent, *v.* ELIZABETH H. THORN, as Executrix of the Last Will and Testament of WILLIAM E. THORN, Deceased, Appellant.

Appeal (as stated in notice of appeal) by the defendant (deceased) and by Elizabeth H. Thorn, as executrix, etc., from an order of the Supreme Court, entered in the Monroe county clerk's office on January 6, 1941.

The order substitutes the executrix of the deceased defendant as party defendant and directs the substituted defendant to appear for examination before trial in an action to set aside a separation agreement.

Order reversed on the law, without costs, and motions denied, without costs.

All concur, except Harris, J., who dissents in an opinion and votes for a modification in accordance with the opinion. Present — Crosby, P. J., Cunningham, Taylor, Harris and McCurn, JJ.

HARRIS, J. (dissenting). The plaintiff and William E. Thorn, the defendant's testator, were husband and wife until the marriage was dissolved by a decree of divorce entered in Onondaga county on or about the 3d day of June, 1920. During the pendency of the action and divorce the plaintiff and her then husband entered into an agreement which provided that in lieu of alimony when she obtained a divorce he would pay her the sum of $5,000 for which she was to relinquish all further claims and demands on the defendant for support and maintenance. For the purpose of making more sure of the collection of such sum, which was payable in installments, the essential portion of such agreement was incorporated in the judgment of divorce in verbiage that provided for the collection of the installments in default by the same means and in the same manner in which alimony would be collected. This action was commenced against the former husband of the plaintiff on September 13, 1939; the complaint was served October 6, 1939, and issue was later joined, all this during the lifetime of said William E. Thorn. He died on December 3, 1940. The matter comes before us on an appeal from an order which provided for the substitution of the executrix of his estate in the place of William E. Thorn as defendant and for an examination of the said executrix with reference to his financial standing and affairs. Such order further provided that in view of the total deafness of the plaintiff her testimony should be taken for trial by interrogatory and cross-interrogatory, to be prepared and taken before the trial. All this relief was granted on the motion of the plaintiff.

The complaint herein alleges the marriage and divorce of the original parties to the action; that the making of the agreement to pay and accept the sum of $5,000 was inequitable and unfair to the plaintiff, and that her consent thereto was obtained by fraud exercised on the part of her then husband and his brother, such fraud consisting of the concealment of the husband's assets and thus inducing the plaintiff to enter into the agreement by deceiving her as to the true amount of the husband's financial worth. The remedies prayed for in such complaint are an avoidance of the agreement, the reopening of the decree of divorce for the purpose of having it determined what amount of alimony the plaintiff would have been entitled to if she had not been defrauded into entering the agreement and awarding her what she lost through the fraud. Appeal is taken from the order and its various parts on the grounds, *first*, that the action abated on the

death of William E. Thorn; *second*, that the executrix cannot be examined before trial as to the financial position of the decedent before she qualified and assumed her position as executrix and then only if such knowledge has come to her as executrix, and *third*, that the portion of the order which permitted examination of the plaintiff before trial for the purposes of having her testimony at trial has no warrant in law or practice.

We turn first to the claim that the action has abated. This claim is made on the ground that the suit is one for alimony and there can be no claim for alimony after the death of the husband because alimony is a personal obligation of the husband which terminates at his death. (See *White* v. *White*, 224 App. Div. 355.) This action was brought prior to the death of the testator. Although the complaint may not be construed to be a prayer for the fixing of alimony, it may be construed as in an action seeking money damages suffered through fraud practiced by the then living husband on the plaintiff. (See *Johnson* v. *Johnson*, 206 N. Y. 561.) This latter construction of the nature of the action being the more favorable to the plaintiff she should on this motion be given the benefit of such construction; *i. e.*, that therein she seeks damages for fraud. Provision for alimony is in the nature of the fixing of property rights of a wife in the financial assets of a husband from whom she is being divorced. (*Wilson* v. *Hinman*, 182 N. Y. 408.) The remedy herein sought and a method by which it is sought are supported by the case of *Galusha* v. *Galusha* (138 N. Y. 272. See, also, *Goldman* v. *Goldman*, 282 id. 296, at pp. 300 and 301.) A suit based on the loss of property rights through fraud is an injury to property and the cause of action does not abate on the death of the alleged tort feasor. (Dec. Est. Law, § 118.) The order from which appeal is taken herein in so far as it provides for the continuance of the action against the present named defendant should be affirmed on the ground that the cause of action did not abate at the death of the testator.

In reference to the second portion of the order which provided for the examination of the executrix on the financial affairs of her testator, examination of the moving papers on the motion for such relief does not show whether or not the executrix has in her knowledge and possession, as executrix, information, books and papers with reference to such affairs, and, therefore, that portion of the order which provides for the examination of the defendant as executrix should be reversed and the motion for such examination denied with leave to renew the same on a proper showing if the plaintiff should be so advised. (*Pardee* v. *Mutual Benefit Life Insurance Co.*, 238 App. Div. 294; *Nagel* v. *Nagel*, 242 id. 845.)

The third portion of the order permitting the examination of the plaintiff prior to trial so that her testimony on trial may be given by means of already prepared interrogatories and cross-interrogatories should have been denied below because it would lie with the trial court to determine whether or not the plaintiff as a witness could intelligently testify at the trial and to make provision at the trial for a method of examination if she is deaf that would remedy, if possible, such a disability on her part.

The order from which appeal is taken should be modified in accordance with the above and as so modified affirmed.