Order reversed on the law, with $10 costs and disbursements, and motion demed, with $10 costs. Memorandum : TMs action to abrogate a contract, between plaintiff and- her husband, claimed to have been entered into by the plaintiff by fraudulent representations made by her now deceased husband as to Ms income arid financial worth, is maintainable against the administrator of his estate. (Hogg V. Lindridge, 151 App. Div. 885, affd. 206 N;' Y. 743; Hogg v. Maxwell, 218 F. 356.) The case of Thorn v. Thorn (262 App. Div. 806, motion for leave to appeal to the Court of Appeals granted, 262 App. Div. 986, and affd. 288 N. Y. 521) is not applicable to the facts in tMs ease, as the marriage status existed when the contract was made and continued to exist up to the time of the death of plaintiff’s husband. The contract involved here does not relate to alimony and there is no antecedent judgment as in the Thorn case {supra). All concur. (The order grants defendant’s motion to dismiss plaintiff’s complaint in an action against the estate of plaintiff’s deceased husband to rescind a separation agreement executed by plaintiff and her husband during his lifetime.) Present — Taylor, P. J., Dowling, McCurn, Larkin and Love, JJ.