Harold J. Crawford, J.
Two motions in an action for a separation (1) by the plaintiff for temporary alimony and (2) by the defendant to dismiss the complaint upon the ground that the court has no jurisdiction of the subject of the action since the marriag'e between the parties, that took place in the State of New Jersey on or about July 3, 1943, terminated in an interlocutory decree of divorce in defendant’s favor, dated November 12, 1946, rendered by default in the Supreme Court of the 'State of New York, County of New York (Index No. 29549, 1946), which became final three months later.
Plaintiff denies “ any knowledge of the existence of the said divorce proceeding or of the said 1 decree ’ ’ ’. She claims that at the trial she ‘ ‘ will be able to refute the said 1 decree ’ as the fruit of a fraud practiced upon the deponent and on the Court which issued it.”
If this were all, there would be no difficulty in dealing with this factually unsupported claim. The complaint alleges, however, that the parties lived separate and apart during the period of 1946 and 1947 and that in November, 1947 they were reconciled and agreed and consented to live together as husband and wife and thereupon resumed their marital relations and lived together as such in the State of Florida during November and December, 1947 and on other frequent occasions and also during 1948 in the County of Kings and from 1949 to 1957 in the County of Queens, in the State of New York. In her affidavit, sworn to November 9, 1960, the plaintiff states that she and the defendant while in Florida consented to live together as husband and wife and thereupon renewed their marital relations as such in that State and continued such relationship in New York for a further period of almost 10 years, *139 during which time two children were born, one on March 25, 1949 and the other on June 6, 1953; that during that period the parties in their general life and conduct held themselves out as husband and wife and in all statements filed with governmental agencies, such as schools, Income Tax Bureau, etc., represented themselves as husband and wife and the parents of the two children referred to above.
There is thus presented the issue whether — assuming as we must the validity and efficacy of the decree of divorce referred to above, until set aside — the parties subsequent thereto entered into a common-law marriage in the State of Florida. In that State “ Where cohabitation and repute are relied on to show such a marriage, the cohabitation must be professedly as husband and wife, and public, so that by their conduct with each other, the parties may be known as husband and wife. * * *
Where two parties, both competent to enter into a marriage status, consummate a common law marriage, they are just as effectually married to one another as if they had been married pursuant to a marriage license * * *. If the marriage status ever once comes into existence, it remains in full force thereafter until it is dissolved by law or death of one of the parties.” (Catlett v. Chestnut, 107 Fla. 498, 512-513, Ann. 91 A. L. R. 225 ; see, also, Le Blanc v. Yawn, 99 Fla. 328.)
In McClish v. Rankin (153 Fla. 324) the reasoning of the United States Supreme Court in Travers v. Reinhardt (205 U. S. 423) appears to have been approved. There the Supreme Court said at page 440, that the parties’ conduct toward each other ‘ ‘ was equivalent, in law, to a declaration by each that they did and during their joint lives were to occupy the relation of husband and wife. Such a declaration was as effective to establish the status of marriage in New Jersey as if it had been made in words of the present tense.” In McClish v. Rankin (supra, p. 334), the court said that “ the real test of a union of this type [a consensual or common-law union] is the actual representation to the public that the parties are husband and wife.”
In Shea v. Shea (294 N. Y. 909) our Court of Appeals held that section 11 of the Domestic Relations Law does not make invalid in New York State a common-law marriage entered into by residents of that State in another State where such a marriage is valid. Accordingly if, as claimed by the plaintiff, a common-law marriage was contracted by the parties in Florida in November, 1947 and was not thereafter dissolved by law, that marriage status is a sufficient predicate upon which the instant action for a separation may rest (Fischer v. Fischer, 254 N. Y. *140 463) and in which, relief incidental thereto may be granted. (Lake v. Lake, 194 N. Y. 179, 185.) However, whether such a common-law marriage was entered into is a disputed issue which must await the trial of this action for its resolution.
Under these circumstances the plaintiff’s motion for temporary alimony must be left for the trial court to dispose of. If plaintiff is successful, permanent alimony may be directed to be paid retroactively from the date of the commencement of this action. (Doncourt v. Doncourt, 245 App. Div. 91, affd. 275 N. Y. 470.) This disposition is without prejudice to the plaintiff, if so advised, instituting proceedings in another forum for the support of the two infant children born subsequent to the claimed common-law marriage in Florida, should the defendant fail to support them voluntarily.
The defendant’s motion to dismiss the complaint for lack of jurisdiction of the subject matter of the action is denied. The status of the parties as he claims it to be may be asserted in the answer by way of an affirmative defense.