Benjamin Brenner, J.
The plaintiff wife, in an undefended suit for separation, has requested the signing of a decree in her favor though the defendant husband died some two months following trial.
A matrimonial action usually abates upon the death of one of the parties (Hoff v. Dugan, 266 App. Div. 790; White v. White, 224 App. Div. 355; Matter of Huber, 136 Misc. 634; Morey v. Morey, 164 Misc. 527) but this rule has been subject to exceptions (Kirkbride v. Van Note, 275 N. Y. 244; Byrne v. Byrne, 201 Misc. 913).
In a recent case (Cornell v. Cornell, 7 N Y 2d 164), the court appears to have qualified the general rule. In its discussion of the problem of entry of a final judgment of divorce, nunc pro tunc as of a date prior to the death of the party, the court stated its view (p. 169) that: “ The rule is, of course, that a suit for divorce abates at the death of either party, because the marriage relation sought to be dissolved no longer exists, and a judgment cannot thereafter be entered nunc pro tunc unless the complainant was entitled to have had such judgment entered while both parties were living.” (Emphasis supplied.)
In clarifying the language italicized, the court quoted with approval from The American Law Reports (vol. 104, p. 664), wherein it is stated: “If the facts justifying the entry of a decree were adjudicated during the lifetime of the parties to *1029 a divorce action, so that a decree was rendered or could or should have been rendered thereon immediately, but for some reason was not entered as such on the judgment record, the death of one of the parties to the action subsequently to the rendition thereof, but before it is in fact entered upon the record, does not prevent the entry of a decree nunc pro tunc to take effect as of a time prior to the death of the party.”
Hence, the question before me is whether the plaintiff in the instant case was entitled to have the judgment of separation entered immediately or while both parties were living. Applying the rule set forth in 104 A. L. R. 664 (supra), I believe that she was entitled thereto because I had actually adjudicated the matter during the lifetime of the parties and at the time of the hearing when I stated at its conclusion to counsel for the plaintiff : ‘ ‘ Counsellor, submit your papers. The decree will be signed.” I am of the view that this statement sufficiently indicated my finding of fact and law that the plaintiff was entitled to the immediate entry of a decree, and that accordingly the death of the defendant subsequent to such adjudication “ does not prevent the entry of a decree nunc pro tunc to take effect as of a time prior to the death of the party.”
Hoff v. Dugan (supra) and White v. White (supra) are not contra to the above conclusion, since in neither of those cases had there been a full adjudication of the facts prior to the death of one of the parties. Thus, in Hoff v. Dugan, the “ defendant husband died before the conclusion of the trial ’ ’ and in White v. White the matter had not even come to trial.
It is a rather saddening spectacle to see a spouse insisting on a separation by human decree though death has intervened to make the separation quite permanent and irrevocable. If the soul of her husband lives on, one would hope that he would forgive her human foible, even if justifiably motivated, in demanding my signature to so futile a decree, which I herewith sign most reluctantly and only because I am compelled by decisional law to do so.